JONES, Justice.
This appeal results from a judgment in favor of numerous defendants in an action to quiet title to certain real property located in Perry County.
Willie R. Osborne, the plaintiff, purchased 91 acres from J.C. Tubbs in March 1944. (Only 16.15, more or less, of the 91 acres is in controversy, however.) Because the first deed contained inaccuracies in the description of the property, Tubbs gave Osborne a correction deed in October 1944. However, the correction deed was based on a survey that contained a particular description of the property, and that survey was not available at trial because, as Osborne’s wife stated at trial, “that thing, the rats has ate it up, and we don’t have that.”
The trial court, after hearing Osborne’s evidence, presented ore tenus, granted the defendants’ motion for “directed verdict.” [1] The trial court, in its reasons for its judgment, stated in pertinent part:
“That all necessary parties were parties to the litigation; that even though the suit property (‘property’) has been assessed in the Plaintiff’s name and he has paid ad valorem taxes thereon since to-wit 1944, he has no deed or color of title to that portion of the property which lies south of the fence along the old road as depicted on the Crisman survey and such property south of the fence has never been in the actual, peaceable possession of the Plaintiff, whereas the Defendants and those through whom they claim title, under a claim of right, have been in the actual, continuous, open, notorious, hostile, and exclusive possession of the property south of the fence since to-wit, the 1920s. The Court further finds that the Defendants do not make any claim to that portion of the property which lies north of the fence along the old road on the north of the property as depicted on the Crisman survey_
“WHEREFORE, it is,
“ORDERED AND ADJUDGED by the Court that it finds the issues in favor of the Defendants and against the Plaintiff based upon the findings of fact set forth above and adjudges the Defendants to be the owners of the ... property lying south of the fence along the old road as referred to above.
“ORDERED AND ADJUDGED by the Court that based upon the findings of fact set forth above the Plaintiff is the owner of the ... property lying north of the fence along the old road as referred to above.”
The trial court’s conclusions of law, based on its findings of fact, are unassailable. Alabama Code 1975, § 6-6-560; Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965); and Dennison v. Claiborne, 289 Ala. 69, 265 So.2d 853 (1972). The only remaining issue, then, is whether the trial court’s findings of fact are supported by the evidence of record. Our careful review of the record shows that, at the close of the plaintiff’s case, all of the evidence stood undisputed that the defendants, and not the plaintiff, had been in actual, peaceable, open, continuous, and exclusive possession of the 16.15 acres since the 1920’s, and that the plaintiff was unable to produce a deed or other color of title to the disputed property during any of the time in question. Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. More properly, the motion should have been denominated a "motion for involuntary dismissal," pursuant to Rule 41(b), A.R.Civ.P.; such a motion is commonly called a "motion for judgment”; thus, we will so treat it.