Gerrard Clay sued River Landing Corporation; Property Investment Management, Inc.; Jefferson Federal Savings and Loan Association of Birmingham; Guardian Title, Inc.; River Landing Club Owners Association, Inc.; the members of the board of directors of the River Landing Club Owners Association, Inc.; and various fictitiously named defendants, alleging fraud and breach of contract in connection with the sale of a condominium from River Landing Corporation to Clay; Clay also requested an audit and accounting of the management and financial activities of the River Landing Club Owners Association, Inc. Clay subsequently filed a petition for a temporary restraining order and injunctive relief against River Landing Corporation and Jefferson Federal Savings and Loan Association of Birmingham, requesting that the court enjoin those defendants from foreclosing on the condominium. The trial court granted the preliminary injunction, but later entered summary judgments in favor of River Landing Corporation; Property Investment Management, Inc.; River Landing Club Owners Association, Inc.; *Page 921 
and the individual members of the board of directors of the River Landing Club Owners Association, Inc.; those judgments were made final pursuant to Rule 54(b), A.R.Civ.P. Clay appeals.
Clay purchased a condominium from River Landing Corporation in June 1988. River Landing Club Owners Association, Inc., operated and controlled the condominiums, and Property Investment Management, Inc., managed River Landing Corporation. In his complaint, Clay alleged that, as a part of the basis of the bargain, he had requested copies of the closing documents and the financial statements, by-laws, and bank balances and an accounting of cash receipts and disbursements relating to the operation of the condominium. He also alleged that these documents were not delivered and that the failure to deliver these documents constituted a breach of contract and evidence of fraud. In a hearing on this matter, Clay testified that he bought the condominium in reliance on a representation that the condominiums would be properly maintained. Clay also testified that at the closing of the sale of the condominium, he had asked about budgets for repairs to the common areas of the condominiums and he testified that he would not have bought the condominium if he had been told that there was not a reserve or a capital account set aside for those repairs. Clay stated that on August 23, 1988, during a meeting of the condominium owners, he first learned that there was no money set aside for maintenance of the common areas.
Under Rule 56, A.R.Civ.P., a summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. In determining whether the summary judgments in this case were proper, this Court must view the record in a light most favorable to Clay.Nelson v. University of Alabama System, 594 So.2d 632 (Ala. 1992). This case was filed after June 11, 1987; accordingly, the "substantial evidence rule" applies to the rulings on the motions for summary judgment. See Ala. Code 1975, § 12-21-12. Once a movant makes a prima facie showing that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law, the nonmovant must present substantial evidence in support of his position in order to withstand the motion for summary judgment. Betts v. McDonald'sCorp., 567 So.2d 1252 (Ala. 1990).
Clay first contends that the trial court erred in entering the summary judgments against the fraud and breach of contract claims, because, he argues, there are genuine issues of material fact with regard to those claims. The complaint in this case was filed in October 1990, over two years after Clay had learned that there was no money set aside for the maintenance of the common areas of the condominiums. Therefore, Clay's fraud claim is barred by the statute of limitations and, therefore, the summary judgments were proper as to that claim. See Ala. Code 1975, § 6-2-38(l). See Nichols v. North AmericanEquitable Life Assur. Co., 502 So.2d 375 (Ala. 1987). With regard to the breach of contract claim, viewing the evidence in a light most favorable to Clay, we hold that Clay failed to produce substantial evidence (see Ala. Code 1975, § 12-21-12) to rebut the defendants' prima facie showing that there was no genuine issue of material fact and that they were entitled to judgments on that claim. See Betts, supra.
Clay's second contention is that the trial court erred in refusing to extend the preliminary injunction until the fraud and breach of contract issues had been adjudicated. In support of this contention, Clay cites Hagood v. Knight, 257 Ala. 64,57 So.2d 616 (1952), where, in a suit to rescind a sale of land and to enjoin foreclosure on the ground of fraud, this Court held that the trial court did not err in granting a temporary injunction to maintain the status quo. The record in the instant case reveals that on January 11, 1991, the trial court granted a preliminary injunction enjoining River Landing Corporation from foreclosing on Clay's condominium mortgage and that on April 9, 1991, the trial court extended the injunction until May 9, 1991. The trial court entered the summary judgment *Page 922 
in favor of River Landing Corporation on May 15, 1991. Based on these facts, we conclude that the trial court did not err in extending the preliminary injunction for 30 days and that it did not err in entering the summary judgment for River Landing Corporation six days after the preliminary injunction expired.
Clay's final contention is that the trial court erred in entering a summary judgment in favor of River Landing Club Owners Association, Inc., on his request for an audit and an accounting of its management and financial activities. The record reveals, however, that the association provided Clay with all the requested materials regarding the financial management of the condominium. We find no error in the trial court's judgment with regard to this issue.
The trial court's judgments are affirmed.
AFFIRMED.
ALMON, ADAMS and INGRAM, JJ., concur.
HORNSBY, C.J., concurs in the result.