The plaintiff, Barry K. Burks, appeals from a judgment in favor of the defendants, the Pickwick Hotel (the "Pickwick") and three of its employees. Burks had alleged that the Pickwick wrongfully terminated his employment.
The Pickwick's general manager, Christine Dixon, stated by affidavit that Burks had no employment contract with the Pickwick. She stated also that, based on information she had procured through the assistance of other Pickwick employees, she concluded that Burks had violated several written policies of the Pickwick. According to Dixon, she offered Burks the option of resigning or being fired and he elected to resign.
Thereafter, Dixon sued the Pickwick, Dixon, and two other Pickwick employees. His complaint stated his claims as follows:
 "1. I CLAIM THE DEFENDANT[S] OWE THE PLAINTIFF THE SUM OF $250,000 BECAUSE:
 "1. ACCUSATION OF OPPROBIUS [sic] ACTIONS AGAINST PLAINTIFF RESULTING IN THE LOST [sic] OF *Page 189 
THE JOB AND THE DEFORMATION [sic] OF THE RECORD OF THE PLAINTIFF.
 "2. WILLFUL MISREPRESENTATION OF THE MATERIAL FACTS TO THE DETRIMENT OF THE PLAINTIFF."
Aside from a demand that the defendants pay court costs, this was Burks's entire complaint. Needless to say, this complaint generated some confusion in the trial court. However, the parties agree on appeal that Burks stated a cause of action for wrongful termination and defamation. Without commenting on whether Burks's complaint was adequate to state such claims, we will assume, arguendo, that he properly and adequately stated those claims.
Burks argues numerous issues on appeal, most of which are not properly before us. For example, he argues that Dixon violated the Fair Labor Standards Act, although he has not asserted a claim under that Act.
Our discussion is limited to the issue that is properly before us: Whether the trial court erred in entering the summary judgment for the defendants.
Pursuant to Ala.R.Civ.P. 56(c), a summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden of establishing that there is no genuine issue of material fact is on the movant. Berner v. Caldwell,543 So.2d 686, 688 (Ala. 1989). If the movant makes a prima facie showing that there is no genuine issue of material fact, then the burden shifts to the nonmovant to rebut that prima facie showing. Id. In cases commenced after June 11, 1987, as this one was, the nonmovant, in order to rebut such a prima facie showing, must show the existence of a genuine issue of material fact by "substantial evidence." See Ala. Code 1975, § 12-21-12. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life AssuranceCo. of Florida, 547 So.2d 870, 871 (Ala. 1989).
Our review of the summary judgment is de novo. Hightower Co. v. United States Fidelity Guar. Co.,527 So.2d 698, 701 (Ala. 1988).
Burks argues that there were genuine issues of material fact before the trial court and, therefore, that the court erred in granting the defendants' summary judgment motion. Burks, however, offered no evidence in opposition to that motion.
Regarding Burks's claim that he was wrongfully terminated, Dixon's affidavit indicates that Burks had no employment contract with the Pickwick. There was no contrary evidence.
Alabama has a long-standing "employee at will" doctrine, under which, in the absence of an employment contract providing for a specific term of employment or providing terms or conditions for dismissal, the Pickwick could terminate Burks at its discretion. Montgomery v. Big B, Inc.,460 So.2d 1286 (Ala. 1984); Allied Supply Co. v. Brown,585 So.2d 33 (Ala. 1991); Alabama Mills, Inc. v. Smith, 237 Ala. 296,186 So. 699 (1939).
As to Burks's defamation claim, the defendants made a prima facie showing that they had made no publication to third parties of the allegedly defamatory communications. Such a publication is an element of a defamation claim. See Ala. Code 1975, § 6-5-182; Nelson v. Lapeyrouse Grain Corp.,534 So.2d 1085 (Ala. 1988).
In Nelson we stated that a communication between corporation employees, within the line and scope of the employees' duties with the corporation, is not a publication to a "third party." Essentially, such a situation would be like an entity talking to itself rather than to a third party.Id. at 1093.
Although the record does not indicate that the Pickwick is a corporation, we think *Page 190 
that the rule discussed in Nelson is applicable here.
The defendants' evidence indicated that the communications in question were published only to a few of the Pickwick's employees and only to the extent reasonably necessary to investigate Burks's employment behavior. The plaintiff presented no contrary evidence; thus, we must take it as established that these employees were acting in the line and scope of their duties with the Pickwick.
In sum, the plaintiff did not rebut the defendants' prima facie showing that they made no publication to a "third party."
The trial court properly entered the defendants' summary judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.