This is a workmen's compensation case.
It is not disputed that Robert D. Budnick was employed by Jim Walter Resources (JWR) as a coal miner in February 1989, when he injured his back in an accident arising out of and in the course of his employment. Budnick returned to work shortly after the accident and continued working until April 1989, when he began receiving medical treatment from Dr. Moses Jones for injury to the L-4, L-5 region of his back, including two lumbar laminectomies. Budnick received medical expenses and temporary total disability benefits from JWR during this time.
Subsequently, Budnick returned to work and suffered another back injury. Dr. Jones performed a lumbar fusion in October 1989, and certified on May 19, 1990, that Budnick had reached maximum medical improvement. Beginning May 19, 1990, JWR paid Budnick permanent partial disability benefits of $135.48 per week.
Budnick filed suit in March 1991, seeking workmen's compensation benefits for a permanent total disability. JWR's reply conceded Budnick's injury but denied that he was totally disabled. After receiving ore tenus evidence in December 1991, the trial court found that Budnick was permanently and totally disabled, that he was totally incapacitated from working or being retrained for employment, and it awarded benefits accordingly. JWR appeals.
JWR contends that a reasonable view of the evidence does not support the trial court's finding of permanent total disability pursuant to Ala. Code 1975, § 25-5-57(a)(4)d.
At the outset, we note the two-step standard of review in workmen's compensation cases. Initially, this court must look to see whether there is any legal evidence to support the trial court's findings. If such evidence exists, we must then determine whether a reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc.,575 So.2d 91 (Ala. 1991).
JWR acknowledged that Budnick's injuries are work-related, that Budnick cannot return to his former job as a coal miner, and that Budnick is at least permanently partially disabled. JWR argues that Budnick is not permanently totally disabled.
Total disability does not mean absolute helplessness or entire physical disability. Bankhead Forest Industries, Inc. v.Lovett, 423 So.2d 899 (Ala.Civ.App. 1982). Permanent total disability is the inability to perform one's trade and the inability to find other gainful employment. Ala. Code 1975, §25-5-57(a)(4)d; Mead Paper Co. v. Brizendine, 575 So.2d 571
(Ala.Civ.App. 1990).
JWR argues that the trial court erred in its reliance upon the testimony of Dr. Robert Griffin, a rehabilitation consultant and professor emeritus at the University of Alabama. Dr. Griffin testified that Budnick sustained a 100% vocational disability; however, Griffin stated that he would assign Budnick a 40% vocational disability if not for Budnick's subjective complaints of pain. Two other vocational rehabilitation consultants opined that Budnick's vocational disability was less than 100%, and that Budnick was a candidate for retraining and rehabilitation.
We find JWR's argument to be unpersuasive. Budnick testified regarding his chronic pain, the side effects caused by taking his pain medication, and his difficulty in performing everyday tasks. An injured employee's own subjective complaints of pain are legal evidence which may support a finding of disability.See, e.g., Bankhead Forest Industries, supra; Hester v.Ridings, 388 So.2d 1218 (Ala.Civ.App. 1980). Expert opinions in workmen's compensation cases are not binding on the trial court, even when uncontroverted. Fisher v. Bruno's Food Stores,Inc., 588 So.2d 488 (Ala.Civ.App. 1991). When the *Page 928 
testimony is conflicting, as here, the trial court's findings are conclusive where there is any evidence to support those conclusions. Fisher, supra. The testimony of Budnick and Dr. Griffin form an adequate basis to support the trial court's finding of permanent total disability.
In view of the above-cited principles and of our limited standard of review, we find that the trial court's findings are supported by the evidence and a reasonable view of that evidence supports the trial court's judgment. The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.