This is a workmen's compensation case.
On August 7, 1991, Steve Rich (employee) was employed with Warren Manufacturing, Inc. (employer). While in the line and scope of his employment, the employee was helping move an aluminum panel when he tripped and fell.
Following this accident, the employee complained of pain in both his back and his right leg. He was referred to a neurosurgeon, who sent the employee for a myelogram and a CT scan of his lower back. Surgery was performed on the employee's lower back on August 16, 1991, and a small fragment of a herniated disc was found at L5-S1. The employee has been unable to return to work since the accident on August 7, 1991.
The parties agree that the employee was involved in "an accident" on August 7, 1991. However, a dispute arose as to whether the employee sustained an actual injury from this accident which would cause the employer to be responsible for the payment of certain medical benefits and/or disability benefits.
The employer filed a complaint under the workmen's compensation laws, requesting that the trial court determine whether the employee suffered an on-the-job injury and whether the employer is responsible for providing medical benefits and disability benefits.
The employee answered and filed a counterclaim for benefits due him under the workmen's compensation law.
The employer filed a motion for summary judgment and attached in support of its motion the depositions of the employee and the neurosurgeon who performed the August 1991 surgery. The trial court heard the parties' arguments and had before it the depositions of the employee and his treating doctors, a neurosurgeon and an orthopedic surgeon, when it granted the employer's motion for summary judgment. The trial court specifically found that "STEVE RICH failed to carry the burden of proof to establish an on-the-job injury arising out of and in the course of his employment."
The employee appeals.
The dispositive issue is whether the trial court erred in granting the motion for summary judgment in favor of the employer.
It is well settled that a motion for summary judgment is properly granted in situations where there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Clay v. River Landing Corp., 601 So.2d 919 (Ala. 1992). In considering a motion for summary judgment, the trial court must view all reasonable inferences from the evidence in a light most favorable to the non-moving party. Wills v.Klingenbeck, 455 So.2d 806 (Ala. 1984). Further, the movant has the burden of establishing *Page 1017 
that there is no genuine issue of material fact. Burks v.Pickwick Hotel, 607 So.2d 187 (Ala. 1992). If the movant meets its burden, then the burden shifts to the non-moving party, who must show by substantial evidence that a genuine issue of material fact does exist in order to withstand the motion for summary judgment. Burks, 607 So.2d 187; Clay, 601 So.2d 919.
In the present case, the dispute regarding whether an injury resulted from the employee's accident of August 7, 1991, arose due to the fact that the employee had a prior history of lower back problems due to work-related injuries. It is undisputed that the employee had undergone surgery on his lower back on two occasions prior to his fall in August 1991. The first surgery was in 1982 or 1983, and the second surgery was in 1988.
It is also undisputed that the employee continued to be treated by the doctor who performed the 1988 surgery for the aches and pains of two back operations. In fact, the employee had a myelogram and a CT scan performed on his lower back in June 1991. In addition, there were discussions at that time about whether the employee desired to undergo surgery in an attempt to relieve his pain and discomfort.
It is the similarity between the myelogram and CT scan of June 1991 and the myelogram and CT scan of August 1991, as well as the discussions regarding surgery two months prior to the accident, that caused the employer to question whether the accident was the reason that the employee had to undergo surgery in August 1991.
In support of its contention that the August 7, 1991, accident did not cause an "injury" which resulted in the subsequent surgery, the employer introduced the deposition of the neurosurgeon who performed the August 1991 surgery. The neurosurgeon testified that the results of the tests conducted in June 1991 were "almost identical" and "very similar" to those conducted in August 1991 after the accident. In addition, the neurosurgeon testified that the clinical findings that he observed in August 1991 were "essentially the same" as those noted in June 1991 when the employee had the myelogram and CT scan. It was the opinion of the treating neurosurgeon that, based upon the foregoing, the condition for which he operated in August 1991 was probably present in June 1991.
Even in view of the above, our review of the record, viewed most favorably to the employee, reveals that there was sufficient evidence that a genuine issue of material fact existed as to whether an "injury" resulted from the accident of August 7, 1991.
The employee testified in his deposition that although he experienced aches and pain from the two previous back operations, he was able to, and did perform, all the necessary duties of his employment. He further testified that after the accident on August 7, 1991, the pain increased to the point that he could not endure it any longer and that he had the third surgery.
The neurosurgeon testified in his deposition that he removed a small disc fragment from the employee's lower back when he performed the surgery in August 1991. The neurosurgeon conceded that a fall could cause disc material or cartilage to move against a nerve and cause an increase in pain.
The orthopedic surgeon testified in his deposition that although the test results of June 1991 and August 1991 were very similar, it does not necessarily mean that the symptoms experienced by the employee were the same. He further testified that while these tests conducted in June 1991 and August 1991 are fairly sensitive, the tests are not always sensitive enough to detect a small disc fragment such as was removed from the employee's lower back during the August 1991 surgery. He also testified that while the tests might not have shown the small disc fragment, a small disc fragment, such as the one removed, might cause exacerbated pain.
We note that this is a workmen's compensation case where the trial court granted the employer's motion for summary judgment. Our only inquiry in the instant case is whether the trial court was proper in granting this motion for summary judgment. Our review of the evidence as a whole prohibits this court from determining that no genuine issue *Page 1018 
of material fact exists on the issue of whether the employee sustained an injury as a result of the August 7, 1991, accident.
Consequently, the judgment of the trial court is reversed and the cause is remanded for proceedings not inconsistent with the above.
We should not be understood as commenting upon what action should be taken by the trial court upon trial of this cause.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.