RICHARD L. HOLMES, Retired Appellate Judge.
Willie Roscoe Osborne and his daughter, Dorothy Harris, filed an action to quiet title to certain real property located in Perry County. There were numerous defendants named in the action.
This appeal resulted when the trial court entered a summary judgment in favor of the numerous defendants named in the action. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether the trial court erred in granting the motions for summary judgment in favor of the various defendants.
Rule 56(c), A.R.Civ.P., provides that summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to summary judgment as a matter of law. The moving party has the burden of establishing that no genuine issue of material fact exists. Burks v. Pickwick Hotel, 607 So.2d 187 (Ala.1992). All reasonable uncertainties concerning the existence of a genuine issue of material fact must be resolved against the movant. Sadie v. Martin, 468 So.2d 162 (Ala.1985).
However, if the moving party demonstrates that no genuine issue of material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of material fact. Clay v. River Landing Corp., 601 So.2d 919 (Ala.1992).
We note that Osborne concedes in his brief that title to the 16.15 acres, described as Parcel II in his complaint to quiet title, has been previously adjudicated in Osborne v. Spivey, 562 So.2d 226 (Ala.1990), and is not claimed in these proceedings.
In our review of the record, we note that the various defendants submitted affidavits in support of their motions for summary judgment. These affidavits outlined the predecessors-in-title to the property and established that most of these defendants or their predecessors-in-title had resided on this property for numerous years. We note that the Marion-Tuscaloosa Road (Perry County Road No. 29) is mentioned as the eastern boundary for the property.
Osborne submitted two affidavits in opposition to the motions for summary judgment. In his first affidavit, Osborne stated that the west boundary of the property conveyed to him in 1944 was the Marion-Tuscaloosa Road and that this road is not in the same location as it was when the property was conveyed to him. Osborne stated in his affidavit that title to his property goes across the present Perry County Road No. 29.
Thereafter, the trial court granted Osborne time to obtain a survey to be submitted to the court as additional evidence that the Marion-Tuscaloosa Road/Perry County Road No. 29 had changed locations since the conveyance to Osborne in 1944. Osborne filed another affidavit, with a copy of a part of a plat prepared by a surveying company. However, this drawing of the property in question is unsigned, uncertified, and undated, and it does not demonstrate with any certainty that the Marion-Tuscaloosa Road has changed locations since 1944.
In light of the above, this court finds that the various defendants met their burden of showing that no genuine issue of material fact existed and that they were entitled to judgment as a matter of law. When the burden shifted to Osborne to submit substantial evidence that a genuine issue of material *588 fact existed, he filed an affidavit, claiming that the road used as the boundary had changed locations since 1944. However, even after the trial court granted him additional time to obtain a survey to demonstrate this fact, he failed to present substantial evidence of this fact.
Consequently, this court finds that the trial court did not err when it entered a summary judgment in favor of the various defendants.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.