RICHARD L. HOLMES, Retired Appellate Judge.
Magnolia Trace Partnership (Magnolia Trace) filed a complaint for declaratory relief. In this complaint Magnolia Trace requested that the trial court adjudge and declare that Magnolia Trace was entitled to the payment of approximately $20,900 in fees and expenses from M & P Investments (M & P) under the terms of an order of the bankruptcy court dated May 20, 1988.
Thereafter, Magnolia Trace filed a motion for summary judgment. In support of its motion, Magnolia Trace filed a narrative summary of the undisputed facts and the affidavits of James E. MeElroy and Jerome O’Brien, both of whom were general partners in Magnolia Trace. M & P filed in opposition to the motion for summary judgment a narrative summary and the affidavits of William Daniel Calhoun, the attorney for M & P, and Foster Brown, CPA, who did some work for M & P.
After a hearing the trial court issued an order, granting the motion for summary judgment in favor of Magnolia Trace and ordering M & P to pay $20,959.62 to Magnolia Trace. In its order the trial court found that M & P had failed to comply with the requirements of the bankruptcy court’s order of May 20,1988, and that under the terms of the order, the sum of $20,959.62 was due Magnolia Trace.
M & P appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue on appeal is whether the trial court erred in granting the motion for summary judgment in favor of Magnolia Trace.
Rule 56(c), A.R.Civ.P., provides that summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. The moving party has the burden of establishing that no genuine issue of material fact exists. Burks v. Pickwick Hotel, 607 So.2d 187 (Ala.1992). All reasonable uncertainties concerning the existence of a genuine issue of material fact must be resolved against the *304 movant. Sadie v. Martin, 468 So.2d 162 (Ala.1985).
Our review of the record reveals the following pertinent facts: Magnolia Trace was the holder of a mortgage on certain real property. M & P was the suecessor-in-title to Verna Elliott, who owned the property, subject to the mortgage held by Magnolia Trace. In 1988 Elliott was in default on the mortgage and eventually filed bankruptcy under Chapter 11. Magnolia Trace sought relief from the stay in bankruptcy to foreclose its mortgage. On May 20, 1988, the bankruptcy court issued an order, allowing the reinstatement of the mortgage, subject to the compliance with certain conditions.
The pertinent portion of the May 20, 1988, order is as follows:
“(o) the payments of indebtedness owing by [Elliott] to [Magnolia Trace] after November 1988, regardless of the language of any document to the contrary, shall be in the amount of $10,000.00 each beginning on March 30, 1989, and thereafter each successive six month period....
“(p) the indebtedness owing to [Magnolia Trace] by [Elliott] as of May 16,1988, is $230,003.29, including both principal and interest; and
“(q) so long as each and every matter and condition set forth above is performed and made by [Elliott], all attorney’s fees, expenses, and costs incurred by [Magnolia Trace] above $5,000.00 shall be waived; provided however, in the event that [Elliott] does not comply with one or more of the matters or conditions above, such other and additional fees, expenses, and costs which have been, and will be, incurred by [Magnolia Trace] shall not be waived by [Magnolia Trace].”
The record reveals that Magnolia Trace expended $25,959.62 in legal fees and expenses in its pursuit to collect the monies due under the mortgage it held on the real property owned by Elliott. Under the terms of the May 20, 1988, order, Magnolia Trace received only $5,000.00 of the $25,959.62 expended. The $10,000 payments required under paragraph (o) of the May 20, 1988, order were due on March 30 and September 30 of each year.
Subsequent to the May 20, 1988, order, M & P entered into an agreement with Elliott, under which M & P agreed to assume the mortgage indebtedness owed to Magnolia Trace. The partnership of M & P consisted of William Murphy and Lou Pailer.
During 1990 the books and records of M & P were kept by Murphy, and he was responsible for paying the bills for the partnership. On September 12, 1990, Murphy underwent exploratory surgery and developed complications. He remained in intensive care for about one week following the surgery. The surgery revealed that Murphy had cancer. It further appears from the record that Murphy was out of the country the latter part of September and early October of 1990.
As soon as he could, Murphy made arrangements for the partnership books to be taken to Poster Brown, CPA, who did work for the partnership. Brown began paying bills on behalf of the partnership. The check for $10,000 to Magnolia Trace for the September 30, 1990, payment was mailed on October 19,1990. Brown states in his affidavit that he contacted O’Brien, a partner with Magnolia Trace, to let him know that he had placed the $10,000 payment in the mail that day. However, Brown further states in his affidavit that O’Brien was not in his office and that he did not leave a message. This check was received by Magnolia Trace on October 25, 1990. It appears from the record that this check was not accepted by Magnolia Trace, as it had already declared the mortgage in default on or about October 24, 1990.
The record contains the affidavit of Calhoun, the attorney for M & P, with a letter dated November 1, 1990, attached. These documents reveal that on or about October 3, 1990, when Magnolia Trace had not received the $10,000 payment, Kay Smith, a representative of Magnolia Trace, contacted Calhoun to inquire about the payment. Calhoun investigated the matter to determine the reason for the late payment. On or about October 5, 1990, Calhoun informed O’Brien as to the reasons for the late payment. On or about October 11, 1990, Calhoun, once again, spoke with Smith. Calhoun stated that he *305 informed Smith of the situation and told her that measures were being taken to get the $10,000 payment to Magnolia Trace. Calhoun also stated that he told Smith that if she or O’Brien had any further questions, then they should contact him.
On October 12, 1990, O’Brien wrote a letter to M & P on behalf of Magnolia Trace. The letter stated:
“Please be advised that the payment due to Magnolia Trace Partnership under your mortgage is now several days past due.
“Please be further advised that unless the payment is received by noon on Friday, October 19, 1990, the holder of the mortgage will seek all remedies available to it under the law.
“The per diem interest on the current unpaid balance of $145,110.78 is $25.85 per day. Since the payment was due on September 30,1990, there is currently an additional $320.10 ($25.85 x 12 days) interest due. Please enclose this amount and an additional $25.85 per diem to your payment upon remittance.”
Copies of this letter were sent by certified mail, return receipt requested, to both Murphy and Pailer. The return receipts indicate that Murphy received his letter on October 26, 1990, and that Pailer received his letter on November 1, 1990. However, it does not appear that a copy of this letter was sent to Calhoun, even though all prior communication regarding this late payment had been through Calhoun’s office.
In his affidavit O’Brien states that on October 22, 1990, he authorized counsel for Magnolia Trace to declare the loan in default because there had been no response to his letter and he had not received any payment. This was done. (A copy of the October 12, 1990, letter and the return receipts to Murphy and Pailer were attached to O’Brien’s affidavit.)
Thereafter, Magnolia Trace filed the instant action, alleging that under the terms of the May 20, 1988, order of the bankruptcy court, M & P was liable to Magnolia Trace for the $20,959.62 in legal fees and expenses. As noted above, the trial court agreed with Magnolia Trace and entered an order granting its motion for summary judgment.
However, after reviewing the record, this court cannot agree that Magnolia Trace met its burden of demonstrating that there exists no genuine issue of material fact and that Magnolia Trace is entitled to a judgment as a matter of law.
Magnolia Trace states in its brief on appeal that the order of the bankruptcy court dated May 20, 1988, is unambiguous and should be enforced as written. Magnolia Trace further states in its brief that if the bankruptcy court had intended to allow M & P a grace period on its payments, or if the bankruptcy court had not intended that a late payment result in the penalty provision (to pay the $20,959.62 which had been “waived”) being activated, it would have so provided in the order.
However, does the letter that Magnolia Trace wrote to the principals of M & P, indicating that no further action would be necessary if the payment was received by noon on Friday, October 19, 1990, create a grace period? If there was no grace period under the terms of the order of the bankruptcy court dated May 20,1988, would Mag-noha Trace be entitled to receive the $20,-959.62 from M & P if the check had been received by noon on Friday, October 19, 1990, as provided in its letter dated October 12, 1990?
As noted above, the check was mailed on October 19, 1990, but was not received by Magnolia Trace until October 25, 1990. The letter of October 12, 1990, was not received by the principals of M & P until after October 25, 1990. Consequently, no one at M & P was aware of the contents of the October 12, 1990, letter or that Magnolia Trace had declared the loan in default until the $10,000 cheek was not accepted by Magnolia Trace. Under the facts and circumstances of this case, would Magnolia Trace be entitled to a judgment because the check was received on October 25, 1990, but not entitled to a judgment if the check had been received by noon on Friday, October 19, 1990?
We would note that Magnolia Trace states in its brief that the affidavit of Calhoun was *306 improper and should not be considered because it was not based on personal knowledge. However, we find no merit in this contention. Calhoun states in his affidavit that, as the attorney for the partnership, he had constant dealings with the principals of the partnership in 1990 and that he was very familiar with the affairs and business of M & P.
In view of the above, Magnolia Trace failed to meet its burden of establishing that no genuine issue of material fact exists in this case. Burks, 607 So.2d 187. Consequently, the judgment of the trial court granting the motion for summary judgment in favor of Magnolia Trace is reversed, and the cause is remanded to the trial court for further action not inconsistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.