In January 2000, Mike Guck ("the employee"), a former employee of Daniel Son, Inc. ("the employer"), brought an action against the employer in the Pike County Circuit Court seeking benefits under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975; in his complaint, the employee alleged that on or about February 25, 1998, he had suffered an injury to his neck, shoulder, and back that had arisen out of and in the course of his employment. The case was subsequently transferred to the Bullock County Circuit Court.
The employer then filed a motion for a summary judgment, relying upon the pleadings and the transcribed depositions of the employee and Dr. D.L. Capistran, a chiropractor who had treated the employee during 1998. The employee filed a response in opposition to the summary-judgment motion in which he contended that factual issues remained to be decided; the employer filed a reply to that response. On April 11, 2001, the trial court rendered a summary judgment in favor of the employer; that judgment was entered on May 11, 2001. The employee timely appealed from that judgment.
The appropriate standard of review of a summary judgment is as follows:
 "It is well settled that a motion for summary judgment is properly granted in situations where there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Clay v. River Landing Corp., 601 So.2d 919 (Ala. 1992). In considering a motion for summary judgment, the trial court must view all reasonable inferences from the evidence in a light most favorable to the non-moving party. Wills v. Klingenbeck, 455 So.2d 806 (Ala. 1984). Further, the movant has the burden of establishing that there is no genuine issue of material fact. Burks v. Pickwick Hotel, 607 So.2d 187
(Ala. 1992). If the movant meets its burden, then the burden shifts to the non-moving party, who must show by substantial evidence that a genuine issue of material fact does exist in order to withstand the motion for summary judgment. Burks, 607 So.2d 187; Clay, 601 So.2d 919."
Rich v. Warren Mfg., Inc., 634 So.2d 1015, 1016-17 (Ala.Civ.App. 1994). *Page 1003 
The record reveals that the employee is currently 39 years old and that his vocational background is mainly in the logging and trucking industries. At his deposition, the employee testified to having been injured on either Friday, February 25 or Saturday, February 26, 1998, while working as a treecutter for the employer on land located north of Dadeville, Alabama. According to the employee, at about 1:30 P.M. on the day he was injured, a cable attached to a "skidder" caused a half-cut tree to splinter and strike a nearby dead tree that, in turn, fell and struck the employee as he ran to avoid the tree, knocking him down. The employee arose from the ground and completed his work shift; however, he testified that he had noticed after the accident that he "just didn't feel right" in his back and neck.
The employee told his supervisor about the accident on the following Tuesday (which would have been February 29, 1998). The employee testified that his condition worsened thereafter, prompting the employer to refer the employee to Dr. Capistran. According to the employee, he consulted Dr. Capistran for a six-week period, but that consultation did not bring him any relief from the pain. The employee later consulted an orthopedic clinic in Opelika and was treated by two physicians, Dr. Taunton and Dr. Scott; he underwent physical therapy and was restricted to light-duty work. The employee was paid workers' compensation benefits for four weeks starting in late May 1998 or early June 1998, and, for a short time, continued working for the employer after his injury.
On one day while the employee was restricted to light-duty work for the employer, he was instructed to "get on" a loader; when the employee stated that he did not think he could perform the requested task, he was berated by his superior. Although the employee completed the requested task, the employee testified that he had known that day that he would not be able to perform that task regularly and that he "wasn't going to take getting hollered at"; the employee then ceased working for the employer.
After leaving the employer's service and after being discharged to return to full-duty work, the employee began working as a truck driver, first for Jimmy Golden Trucking and then for Culverhouse Trucking. The employee testified that he told Culverhouse Trucking when he was hired that he had had a back injury, but that he believed he was capable of working as a truck driver without restrictions. However, while working for Culverhouse Trucking, where he not only drove a large truck but also loaded plywood and electronic devices onto trailers for hauling, the employee continued to experience back and neck pain that ultimately caused him to conclude that he could not continue working as a truck driver. At the time of his deposition in July 2000, the employee testified that he undergoes "bad spells" in which he experiences severe pain in his right arm, burning sensations in his neck and shoulder, and numbness in his right arm and leg; that he had been restricted to light-duty work by Dr. Scott since the preceding January; and that Dr. Scott had forbidden him to lift over 20 pounds or to operate heavy equipment, such as bulldozers or logging equipment. The employee currently takes a number of medications, including narcotic pain relievers and sleeping aids, prescribed by Dr. Scott.
This court has stated:
 "For an injury to be compensable, it must be `caused by an accident arising out of and in the course of' the employee's employment. § 25-5-51, Ala. Code 1975. The phrase `arising out of' an employee's employment requires a causal connection between the injury and the employment. Dunlop Tire Rubber Co. v. Pettus, 623 So.2d 313 (Ala.Civ.App. *Page 1004 
1993). The phrase `in the course of' the employee's employment refers to the time, place, and circumstances under which the accident occurred. Id. In accidental cases, i.e., those involving a sudden and traumatic event, an employee must produce substantial evidence tending to show that the alleged accident occurred and must also establish medical causation by showing that the accident caused or was a contributing cause of the injury. Ex parte Trinity Indus., Inc., 680 So.2d [262] at 266 n. 3 [(Ala. 1996)]. Medical causation may be found by the trial court without testimony from medical doctors. Ex parte Price, 555 So.2d 1060 (Ala. 1989). The totality of the evidence, including both lay and expert testimony, may satisfy a showing of medical causation. U.S. Steel, A Division of USX Corp. v. Nelson, 634 So.2d 134
(Ala.Civ.App. 1993)."
Pair v. Jack's Family Restaurants, Inc., 765 So.2d 678, 681
(Ala.Civ.App. 2000).
In this case, we are reviewing the propriety of a summary judgment in favor of an employer in a workers' compensation action where the employee's claimed injuries stem from an alleged sudden and traumatic event: an impact by a falling tree. Under Rich, Ex parte Trinity Indus.,Inc., 680 So.2d 262 (Ala. 1996), and Pair, supra, the employee's burden at the summary-judgment stage is therefore to adduce "substantial evidence" supporting the propositions (1) "that the alleged `accident' occurred"; and (2) "that the `accident' . . . was [at least] a contributing cause of the complained-of injuries." Ex parte TrinityIndus., 680 So.2d at 266 n. 3; Pair, 765 So.2d at 681.
Under Rich, we must view the evidence in the light most favorable to the nonmoving party. Consequently, we must conclude that the employee has fulfilled both portions of his burden. First, the employee's deposition testimony constitutes substantial evidence indicating that a tree fell on him while he was performing work duties for the employer. Second, the employee has adduced substantial evidence, again through his deposition testimony, indicating that the impact of the accident has caused him to suffer back, neck, and shoulder pain; that he has been placed on medical restrictions since the accident; and that he is partially disabled.[1]
As in Rich, supra, our sole inquiry is whether the trial court properly entered a summary judgment in favor of an employer on an employee's workers' compensation claim, and "[w]e should not be understood as commenting upon what action should be taken by the trial court upon trial of this cause." 634 So.2d at 1018. However, "factual disputes are to be resolved by the trial court on the merits," and "[a] summary judgment is not proper if conflicting inferences can be drawn from the evidence." VanPrewitt v. Mobile Policemen's Firefighters' Pension ReliefFund Bd., 664 So.2d 223, 224 (Ala.Civ.App. 1994). Because genuine issues of material fact remain in this cause, we reverse the summary judgment in favor of the employer and remand the cause for further proceedings.
REVERSED AND REMANDED.
Yates, P.J., and Crawley, Thompson, and Pittman, JJ., concur.
[1] We note that "[a]n injured employee's own subjective complaints of pain are legal evidence which may support a finding of disability." JimWalter Resources, Inc. v. Budnick, 619 So.2d 926, 927 (Ala.Civ.App. 1993); accord, Brumett v. Everywhere Trucking, Inc., 741 So.2d 1086, 1089
(Ala.Civ.App. 1999). *Page 1005