In this case, the employee's arguments regarding Alabama caselaw concerning preexisting injuries and their effect on workers' compensation awards are immaterial for purposes of deciding this appeal. The real issues before this court are (1) whether the trial court properly entered a summary judgment in favor of the employer based on the admissible evidence before it, and (2) whether the trial court abused its discretion when it denied the employee's amended Rule 59(e), Ala. R. Civ. P., motion in December 2002.
In August 2002, at the time the trial court "conditionally" entered a summary judgment, the only evidence before the trial court in opposition to the employer's summary-judgment motion was the employee's own affidavit stating that he had been able to fully perform his work assignments for the employer before his fall from a ladder in October 2000. Attached to its motion, the employer had offered medical records and other documents indicating that the two specifically diagnosed knee injuries of the employee were not caused by the on-the-job fall, but by a previous accident that was not work related. The employer's summary-judgment motion was thus based on a theory of lack of causation. See, e.g., Dempsey v. White Consol. Indus.,620 So.2d 38 (Ala.Civ.App. 1993). Once the employer presented evidence indicating a lack of causation, the burden shifted to the employee under § 12-21-12, Ala. Code 1975, to present substantial evidence that the cause of the injury was, in fact, work related.
Although the employee submitted a properly certified and authenticated letter from his doctor after the September 25, 2002, summary-judgment hearing, the trial court had already granted the employer's *Page 420 
motion to strike the previously submitted un authenticated letter. See Chatham v. CSX Transp., Inc., 613 So.2d 341 (Ala. 1993). Therefore, at the time the trial court's summary judgment became final on September 25, 2002, the only admissible evidence before the trial court pertaining to causation was (1) the set of medical records indicating that the employee's two diagnosed knee injuries had occurred in a previous incident that was not work related and (2) the employee's affidavit that he was able to fully perform his job duties until his fall in October 2000.
Our Supreme Court has repeatedly stated, in the context of summary judgments, that
 "[a] lack of response by the nonmoving party will not automatically result in the entry of a summary judgment, but, instead, that party will risk having the motion granted against him if granting the motion is appropriate on the merits. A party failing to respond incurs the risk that the trial court will not hear evidence to support the nonmoving party's argument because, once the trial court enters a summary judgment, `[a] postjudgment motion may not be used to belatedly submit evidence in opposition to a motion for a summary judgment.' `In determining whether to grant or deny a motion for summary judgment, "[t]he trial court can consider only that material before it at the time of submission of the motion."'"
Ex parte City of Montgomery, 758 So.2d 565, 568 (Ala. 1999) (internal citations omitted). Moreover, it has long been held that "`[a] Rule 59(e) motion does not operate to extend the time for filing affidavits or other material in opposition to a motion for summary judgment.'" Thomas v. Swindle, 676 So.2d 333, 335
(Ala.Civ.App. 1996) (quoting Moore v. Glover, 501 So.2d 1187,1189 (Ala. 1986)).
This court may properly review only the evidence that was actually before the trial court when that court entered its final summary judgment. I conclude that because, at the time the summary judgment became final on September 25, 2002, the employee had not offered any admissible evidence to support his contention that his injury was work related, the trial court could have properly determined that there existed no genuine issue of material fact as to causation and, therefore, could have properly granted the employer's motion for a summary judgment.
The majority opinion cites Rich v. Warren Manufacturing,Inc., 634 So.2d 1015 (Ala.Civ.App. 1994), and Pair v. Jack'sFamily Restaurants, Inc., 765 So.2d 678 (Ala.Civ.App. 2000), as authority for reversing the summary judgment in this case. InRich, this court reviewed a summary judgment that had been entered in favor of an employer in a workers'-compensation case where both the employer and the employee had submitted affidavits from medical practitioners regarding the employee's injuries. In reversing the summary judgment, this court relied on the deposition testimony of both the employee's neurosurgeon and his orthopedic surgeon to conclude that a genuine issue of material fact existed so as to preclude the entry of a summary judgment.
In Pair, this court reversed a trial court's judgment based on its determination that an employee's injury did not arise out of and in the course of his employment. In that case, the employee presented unrefuted medical evidence indicating that he had suffered an injury while moving a heavy box at work; this court's opinion in Pair concluded that the trial court could not properly "ignore undisputed [medical] evidence."765 So.2d at 681.
The situation in this case is inapposite to Rich or Pair.
In this case, the employer submitted medical evidence indicating that *Page 421 
the injury was a preexisting, nonwork-related injury. Although the employee was given an opportunity by the trial court to submit evidence refuting the employer's medical evidence, the employee did not do so, instead relying on his own affidavit that complained of pain associated with the fall at work. NeitherRich nor Pair stands for the proposition that an employee's testimony alone constitutes substantial evidence of medical causation where an employer adduces medical evidence that an injury was preexisting rather than work related.
Although this court, on review of a judgment entered after an ore tenus proceeding, has previously stated that "[a]n injured employee's own subjective complaints of pain are legal evidence which may support a finding of disability," see Jim WalterResources, Inc. v. Budnick, 619 So.2d 926, 927 (Ala.Civ.App. 1993) (emphasis added), our Supreme Court has recently noted that "all of the evidence, including expert and lay testimony, must be examined as a whole to determine whether substantial evidence of medical causation has been shown in a workers' compensation case." Ex parte Southern Energy Homes, Inc., 873 So.2d 1116,1123-24 (Ala. 2003). In that case, our Supreme Court reversed the judgment of this court, stating (after discounting the testimony of the employee's doctors) that "the only evidence of medical causation of the . . . injury came from [the employee]'s own testimony." 873 So.2d at 1122. That court concluded that after reviewing
 "the `overall substance' of the evidence, `viewed in the full context of all the lay and expert evidence,' [Ex parte] Price, 555 So.2d [1060] at 1063 [(Ala. 1989)], [the employee]'s testimony alone cannot be said to constitute `evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer' medical causation. West v. Founders Life Assurance Co., 547 So.2d [870] at 871 [(Ala. 1989)]. This is not to say that a plaintiff's testimony alone can never constitute substantial evidence of medical causation, but rather that in this case the evidence as a whole weighs heavily against finding the plaintiff's testimony alone to be substantial evidence of medical causation."
873 So.2d at 1122 (emphasis added). In this case, as well, the employee's affidavit does not constitute substantial evidence to rebut the employer's medical evidence indicating that the employee's injury was not work related.
Additionally, our Supreme Court has repeatedly stated that conclusory statements in affidavits are insufficient to defeat a movant's prima facie showing in support of its motion for a summary judgment. The only evidence offered by the employee before the trial court entered the summary judgment on September 25, 2002, was the employee's affidavit stating merely that he had been able to work before the work-related fall and that he had been unable to work after the fall. "Mere conclusory allegations or speculation that a fact exists will not defeat a properly supported motion for summary judgment." Young v. SerraVolkswagen, Inc., 579 So.2d 1337, 1340 (Ala. 1991) (citingRiggs v. Bell, 564 So.2d 882 (Ala. 1990)). An affidavit "must be based on facts, may not consist of bare conclusory statements, and must contain information that allows more than speculative or conjectural inferences." Carter v. Cantrell Mach. Co.,662 So.2d 891, 893 (Ala. 1995) (citing Perry v. Mobile County,533 So.2d 602 (Ala. 1988)). The trial court concluded (and I agree) that the employee's affidavit, standing alone, does not present substantial evidence so as to rebut the employer's documentary evidence indicating that the employee's knee injuries were sustained in a previous, unrelated incident and were, therefore, noncompensable. *Page 422 
As to the employee's second argument that the trial court abused its discretion by denying his Rule 59(e), Ala. R. Civ. P., motion, the caselaw governing those motions is crystal clear. A motion to alter, amend, or vacate a judgment made after the entry of a summary judgment is not proper unless the motion is directed to a reconsideration of the evidence upon which the summary judgment was based (i.e., the evidence before the trial court at the time the summary judgment was entered) or unless it seeks to reargue the legal considerations underlying the initial judgment.Moore, 501 So.2d at 1189. I conclude that the trial court did not abuse its discretion in denying the employee's postjudgment motion, because that motion effectively amounted to an improper attempt to extend the time for responding to the employer's motion for a summary judgment.
Because I would affirm the trial court's entry of a summary judgment for the employer and its denial of the employee's postjudgment motion, I respectfully dissent.
THOMPSON, J., concurs.