THOMPSON,
Presiding Judge.
Scott A. Cascaden appeals from a summary judgment entered by the Mobile Circuit Court in favor of Winn-Dixie Montgomery, LLC, in his action against that company arising under the Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975. For the reasons stated herein, we affirm.
The evidence of record, considered in the light most favorable to Cascaden, see Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990), reveals the following pertinent facts. Cascaden began working for Winn-Dixie in 1999. On December 18, 2001, he was involved in an automobile accident while on his way home from a Christmas party that had been hosted by some of the managers of the store at which he worked. As a result of the accident, Cascaden suffered injuries to his lower back and neck. He was treated by two doctors for injuries he sustained in the accident, and he attended physical therapy. After he completed physical therapy, his back felt better for about three months. He then began to experi *1274 ence pain in his back again, and he sought additional medical treatment for it. Although the record is not clear, the parties both indicate in their appellate briefs that Cascaden left his employment with Winn-Dixie in 2002.
In 2007, Cascaden went back to work for Winn-Dixie as a meat cutter. As part of the hiring process, he filled out a medical questionnaire. Regarding that medical questionnaire, the following exchange occurred during Cascaden’s deposition:
“Q. On here, it asked if you have had a prior back injury and you put, no. And it asks, have you consulted or been treated by clinics, doctors, physicians or other practitioners for reasons other than an annual physical exam within the past five years? And you checked, no. And then it says. Are you — question three, have you ever injured your neck or back? And you put, no. But we’ve already covered that you did have the automobile accident in 2001. So can you explain for me why you did not put, yes, in answers to those questions?
“A. I only have one explanation. I had a fear of not getting the job if I put those answers down there. And if they knew that I had those problems, they may not hire me to be a meat cutter and I needed the job.
“Q. Okay. As far as the question, have you consulted or been treated by clinics, doctors, physicians or other practitioners for reasons other than an annual physical exam within the past five years, you checked, no?
“A. Could I see that?
“Q. Sure.
“A. I can’t image — I have no answer for that. I cannot image why I put, no, on that.
“Q. Okay. You’ll agree with me that the response, no, to that question was not true?
“A. That’s not true. That one was— because I know I’ve been treated for things like colds and, you know, bronchitis, things like that.
“Q. And you have been treated for back pain?
“A. Yes.
“Q. And the answer to number three. Have you ever injured your neck or back? You put, no.
“A. Yes.
“Q. And was that answer correct?
“A. No, it wasn’t.
“Q. Okay. Well that’s a bad question. Was that answer truthful?
“A. Ah, no. No, it was not.
“Q. And then on the front page where it says, do you now have or have you had back injury? You put, no. Was that an accurate statement at the time?
“A. I think at the time that was accurate. I don’t think that at the time— like I said, I was getting better. You got to understand, my pain in the first few years was not constant. It wasn’t until, you know, the last few years that it has become so constant.
“Q. Okay. But you had suffered a back injury in an automobile accident?
“A. Yes.”
One of the injuries forming the basis of the present action occurred on March 19, 2008. On that day, while Cascaden was working for Winn-Dixie, he experienced a sharp pain in his back when lifting a heavy box. The next day, he told someone working for Winn-Dixie about the pain. He took five days off work, obtained an epidural injection, and returned to work without another mention of the incident. On November 2, 2009, Cascaden again hurt his back while working for Winn-Dixie and lifting a heavy box. That same day, he *1275 informed an assistant manager of the incident.
On January 5, 2010, Cascaden filed an action against Winn-Dixie seeking benefits under the Workers’ Compensation Act. Cascaden alleged that he had injured his back while working in the line and scope of his employment with Winn-Dixie and that he was permanently partially disabled.
On June 24, 2010, Winn-Dixie filed a motion for a summary judgment. Relying on § 25-5-51, it argued that Cascaden’s claims were barred because he had misrepresented his medical history in his employment application. Section 25-5-51 provides, in pertinent part:
“No compensation shall be allowed if, at the time of or in the course of entering into employment or at the time of receiving notice of the removal of conditions from a conditional offer of employment, the employee knowingly and falsely misrepresents in writing his or her physical or mental condition and the condition is aggravated or reinjured in an accident arising out of and in the course of his or her employment.
“At the time an employer makes an unconditional offer of employment or removes conditions previously placed on a conditional offer of employment, the employer shall provide the employee with the following written warning in bold type print, ‘Misrepresentations as to preexisting physical or mental conditions may void your workers’ compensation benefits.’ If the employer defends on the ground that the injury arose in any or all of the last above stated ways, the burden of proof shall be on the employer to establish the defense.”
Winn-Dixie attached to its motion, among other things, portions of the transcript of Cascaden’s deposition and some of his medical records.
Cascaden filed a response to the summary-judgment motion. He admitted that, in the course of entering into an employment relationship with Winn-Dixie in 2007, Winn-Dixie had provided him with the written warning as required by § 25-5-51. He asserted, however, that Winn-Dixie had known about his prior back injury because it had occurred during his period of prior employment with Winn-Dixie as part of an event associated with that employment. Thus, he argued, Winn-Dixie could not have relied on his false representations in the medical questionnaire concerning his previous back injury, and, as a result, he argued, Winn-Dixie could not assert a misrepresentation defense to his worker’s compensation claims.
Winn-Dixie filed a reply in which it argued that reliance is not a material element of the defense established by § 25-5-51 and that, even if it were, Cascaden had failed to prove that Winn-Dixie had prior knowledge that he had injured his back in the car accident.
On November 22, 2010, the trial court entered a summary judgment in favor of Winn-Dixie. It found that Winn-Dixie had provided substantial evidence of all the elements of the defense set forth in § 25-5-51 and that Cascaden had failed to present any material evidence in opposition to that defense. Cascaden filed a postjudgment motion, which the trial court denied. Cascaden appeals.
In another case arising under the Workers’ Compensation Act in which a trial court entered a summary judgment, this court set forth the following standard of review:
“The appropriate standard of review of a summary judgment is as follows:
“ ‘It is well settled that a motion for summary judgment is properly granted in situations where there is no genuine issue of material fact and the
*1276 movant is entitled to a judgment as a matter of law. Clay v. River Landing Corp., 601 So.2d 919 (Ala.1992). In considering a motion for summary judgment, the trial court must view all reasonable inferences from the evidence in a light most favorable to the non-moving party. Wills v. Klingenbeck, 455 So.2d 806 (Ala.1984). Further, the movant has the burden of establishing that there is no genuine issue of material fact. Burks v. Pickwick Hotel, 607 So.2d 187 (Ala.1992). If the movant meets its burden, then the burden shifts to the non-moving party, who must show by substantial evidence that a genuine issue of material fact does exist in order to withstand the motion for summary judgment. Burks, 607 So.2d 187; Clay, 601 So.2d 919.’ ”
Page v. Cox & Cox, Inc., 892 So.2d 413, 417 (Ala.Civ.App.2004) (quoting Rich v. Warren Mfg., Inc., 634 So.2d 1015, 1016-17 (Ala.Civ.App.1994)).
Cascaden contends that Winn-Dix-ie did not rely on the misrepresentations contained in the medical questionnaire when it employed him in 2007 because Winn-Dixie already knew that he had previously injured his back. Thus, he argues, his claims were not subject to Winn-Dix-ie’s assertion of the misrepresentation defense contained in § 25-5-51.
In Ex parte Southern Energy Homes, Inc., 603 So.2d 1036 (Ala.1992), our supreme court judicially created a defense for an employer to an employee’s worker’s compensation action when the employee has falsely represented that he or she did not have a prior injury. Setting forth the elements of that defense, the court wrote:
“We adopt the standard set forth in 1C Larson, The Law of Workmen’s Compensation § 47.53 (1986), which provides that an employee who makes false statements about his physical condition in a pre-employment application will be denied workers’ compensation benefits when the following factors are present:
“ '(1) The employee must have knowingly and willfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.’
“1C Larson § 47.53 at 8-394. The burden is on the employer to prove each of these elements.”
Southern Energy Homes, 603 So.2d at 1039-40. Thus, under this judicially created defense, an employer was required to prove that it had relied on the employee’s misrepresentation in hiring the employee.
After our supreme court issued its decision in Southern Energy Homes, the legislature amended § 25-5-51 to add the provision on which Winn-Dixie based its summary-judgment motion. As previously quoted, that provision states:
“No compensation shall be allowed if, at the time of or in the course of entering into employment or at the time of receiving notice of the removal of conditions from a conditional offer of employment, the employee knowingly and falsely misrepresents in writing his or her physical or mental condition and the condition is aggravated or reinjured in an accident arising out of and in the course of his or her employment.”
This court recently set forth the elements of a defense under § 25-5-51 that an employer must prove:
“[T]o prevail under [§ 25-5-51], [an employer is] required to prove that (1) in *1277 the course of [the employeej’s entering into his employment relationship with [the employer], (2) [the employer] provided [the employee] with the written warning set forth in § 25-5-51, (3) [the employee] knowingly and falsely misrepresented his physical or mental condition, (4) [the employee]’s misrepresentation was made in writing, and (5) [the employee]’s condition was aggravated or reinjured in an accident arising out of and in the course of his employment. § 25-5-51, Ala.Code 1975.”
Hornady Truck Lines, Inc. v. Howard, 985 So.2d 469, 477 (Ala.Civ.App.2007). Absent from the statutory misrepresentation defense is a requirement that an employer prove that it relied on the employee’s false statements in hiring the employee. The question before this court, then, is whether this court should engraft such a requirement on the statutory defense despite the legislature’s failure to list such a requirement in the statute.
One commentator has recognized that, under the statute, an employer is not required to prove reliance as an element of the misrepresentation defense, even though, under prior easelaw, it was required to do so:
“The judicial misrepresentation defense applies only if the employer has relied on the false representation when making the decision to hire the employee. The statutory misrepresentation defense, on the other hand, does not expressly require reliance on the part of the employer. To date, no case has commented on this difference, but it can only be assumed that the legislature intentionally failed to insert reliance as an element of the statutory defense, so the courts should not feel obligated to en-graft their own requirement.”
1 Terry A. Moore, Alabama Workers’ Compensation § 12:31 (West 1998) (footnotes omitted). As noted in this treatise and as recognized by this court in Hornady Truck Lines, the plain language of § 25-5-51 does not include a requirement that, to assert the defense contained therein, an employer must prove that it relied on the employee’s misrepresentation in hiring the employee. Moreover, the legislature was fully capable of including such a requirement had it chosen to do so. See, e.g., § 6-5-101, Ala.Code 1975 (cause of action of misrepresentation requires that misrepresentation be “acted on by the opposite party”); § 6-5-103, Ala.Code 1975 (cause of action of deceit requires “willful representation ... upon which [injured party] ... act[ed] to his injury”). And, as Winn-Dixie points out, the fact that the legislature chose to include in its statutory scheme certain elements that the employer must prove to claim the misrepresentation defense implies that the legislature intended to exclude any additional elements. See Jefferson Cnty. v. Alabama Criminal Justice Info. Ctr. Comm’n, 620 So.2d 651, 658 (Ala.1993) (“Under the principle of expres-sio unius est exclusio alterius, a rule of statutory construction, the express inclusion of requirements in the law implies an intention to exclude other requirements not so included.”). Given the foregoing, we see no reason to add to what the legislature has created by engrafting a reliance element onto § 25-5-51.
Because § 25-5-51 does not require an employer to prove that it relied to its detriment on an employee’s misrepresentations to assert the misrepresentation defense contained therein, Cascaden’s contention that Winn-Dixie did not rely on his misrepresentations when it hired him does not provide a basis on which to reverse the trial court’s summary judgment.
Cascaden next argues that Winn-Dixie cannot assert the misrepresentation defense contained in § 25-5-51 *1278 because Winn-Dixie did not utilize boldface type when printing the warning required by that section. Cascaden did not make this argument to the trial court. In fact, Cascaden specifically stated in his brief to the trial court that he “does not dispute that in the course of entering into an employment relationship with Winn-Dixie ... [he] was provided with a written warning as set forth in § 25-5-51.” This court will not address arguments made for the first time on appeal. - See Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992).
Based on the foregoing, we conclude that Cascaden has failed to demonstrate that the trial court committed error when it entered a summary judgment in favor of Winn Dixie. As a result, that judgment is due to be affirmed.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.