178 So. 31 ·

**WOODHAM v. HILLMAN.**

**4 Div. 991.**

Supreme Court of Alabama.

Dec. 16, 1937.

Rehearing Denied Jan. 20, 1938.

Speight & Tiller, of Dothan, for appellant.

Mulkey & Mulkey, of Geneva, for appellee.

**ANDERSON, Chief Justice.**

The appellant, Woodham, executed a mortgage to one F. M. Gaines. Gaines assigned the mortgage and notes to G. C. Turnham. The said Woodham, subsequent to the first mentioned mortgage, executed a mortgage on the same property to the husband of Mrs. Hillman, and she proceeds in this case as his administratrix. Turnham filed a bill to foreclose his mortgage, making the mortgagor, Woodham, Gaines, the mortgagee of the first mortgage and assignor, as well as Mrs. Hillman, parties respondent. The bill was answered by each of the respondents. Mrs. Hillman made her answer a cross-bill, claiming that the first mortgage had been satisfied and seeking the foreclosure of her mortgage. The mortgagor, Woodham, in his answer to the bill filed by Turnham, claimed certain credits, but admitted that the said first mortgage had not been paid in full. Mrs. Hillman, evidently acting upon the admission of the mortgagor, realizing that said mortgage had not been satisfied and was therefore superior to hers, purchased said first mortgage from Turnham and changed her course of procedure by a substituted cross-bill, seeking a foreclosure of both mortgages. Woodham by answer to her substituted cross-bill, shifted his position by claiming, among other things, that the first mortgage had been satisfied.

While our rules as to amendments of pleading are quite liberal, it is also a well-settled rule that, "A party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, is estopped to assume a position inconsistent therewith to the prejudice of the adverse party." Wright v. Fannin, 229 Ala. 278, 156 So. 849, 852; Brown v. French, 159 Ala. 645, 49 So. 255; Caldwell v. Smith, 77 Ala. 157, 165; Taylor v. Crook, 136 Ala. 354, 34 So. 905, 96 Am.St.Rep. 26.

The cases cited and relied upon by appellant's counsel in nowise conflict with the present holding. The respondent Woodham, no doubt, had the right to amend or substitute his answers, but when, as here, he set up a defense fatal to the right and priority of Mrs. Hillman's mortgage, thereby inducing her to acquire the Gaines or Turnham mortgage and change her method of proceeding in the cause, he was therefore estopped from subsequently, as against her, setting up that the said Gaines or Turnham mortgage had been fully satisfied. In fact, the main case relied upon by appellant, Alabama Water Company v. City of Anniston, 223 Ala. 355, 135 So. 585, while dealing with the right to amend the pleading, realizes the doctrine of estoppel as here enforced.

We agree with the trial court that the weight of the evidence established the execution of the Hillman mortgage.

While we agree that Woodham was estopped from claiming that the Gaines mortgage had been fully satisfied, we do not mean to hold that he was estopped from showing the credits which he claimed in his answer to have made Gaines on the mortgage debt, if Gaines had the authority to receive same—a question not now necessary to decide; as the trial court held that the mortgages were valid and enforceable and ordered a reference to the register to ascertain the amounts due and his report does not seem to have been made.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN and KNIGHT, JJ., concur.

**On Rehearing.**

**ANDERSON, Chief Justice.**

The movant, Woodham, insists that the foregoing opinion does not conform to the rule laid down in section 227, 21 C.J. pp. 1223–1225, quoted in brief, mainly because it does not appear that a judgment or decree on the answer to the original cross bill was rendered in favor of said Woodham. As we understand, from the provision of law quoted from C.J., to wit: "It is necessary, however, that the claim or position previously asserted or taken should have been successfully maintained," that a specific decree or judgment did not have to be rendered in favor of Woodham on his first answer, if it otherwise appears

226

that said answer had been successfully maintained. Mrs. Hillman's original cross-bill proceeded upon the theory that the first mortgage had been satisfied, then when Woodham, the mortgagor, asserted in his answer that said first mortgage had not been satisfied but was still a valid and subsisting encumbrance on the land, Mrs. Hillman, relying on said answer, acquired the first mortgage and was compelled to change her course of procedure by amending her cross-bill. This was, in effect, a successful maintenance of the position first asserted by Woodham and he was thereby estopped from setting up the defense to amended cross-bill, that the first mortgage had been satisfied—a position contradictory to the one taken in his previous answer. Hodges v. Winston, 95 Ala. 514, 11 So. 200, 36 Am.St.Rep. 241; Mc-Quagge Bros., Inc., et al. v. Thrower, 214 Ala. 582, 108 So. 450.

The rehearing is denied.

THOMAS, BROWN, and KNIGHT, JJ., concur.