19 So.2d 394

### MITCHELL v. FRIEDLANDER.

1 Div. 205.

Supreme Court of Alabama.

Oct. 11, 1944.

Wm. G. Caffey, of Mobile, for appellant.

Thos. E. Twitty and Armbrecht, Inge, Twitty & Jackson, all of Mobile, for appellee.

BROWN, Justice.

This appeal is from a final decree of the Circuit Court of Mobile County, in Equity sitting, "entered in consolidated causes Nos. 11,940, 15,348," adjudging that the appellant, "Joseph Mitchell, is indebted to the said David Friedlander in the sum of One Thousand Four Hundred Fifty-Two Dollars and Twenty-one cents ($1,452.21), and the said David Friedlander does hereby have and recover of said Joseph Mitchell," said sum, together with the costs of "this consolidated cause." This recovery included rent due from Friedlander to General Investment Corporation under the lease, money expended by said corporation in restoring insurance on the premises provided for in the lease and to be accounted as rents, attorney's fees incurred by Friedlander growing out of litigation filed against him by Mitchell in respect to said lease and the properties erected by Mitchell on said leases.

At the time the bills in the "consolidated causes" were filed, there was then pending in the same court another case—a bill filed by Mitchell against Friedlander numbered 11,754—for specific performance of an alleged verbal agreement between Mitchell and Friedlander to retransfer a business known as "The City Stores," and for an accounting. In that case the respondent Friedlander filed an answer and cross bill, alleging, in substance and legal effect, that said City Stores and the business conducted therein was owned by the Gulf Coast Tobacco Company, a partnership composed of Mitchell, Sam Ripps and Friedlander, the latter having a 12½ per cent interest in said business. The parties and their counsel in the consolidated case, being also counsel in the other proceedings, allowed the two cases involved here to lie in abeyance pending a prosecution of the other case to final decree, which was rendered on the 14th of April, 1939, granting relief to Mitchell, and restoring to him the possession of said City Stores with all the incidents thereto; and denying to Friedlander relief on his cross bill and dismissing the same on the ground, specifically stated in the decree, that Friedlander had failed to establish the essential allegation of his bill, that he was a copartner in the business of the Gulf Coast Tobacco Company with Mitchell and Ripps.

Case No. 11,940 was a bill filed by Mitchell against Friedlander and others to compel Friedlander to transfer and assign to Mitchell three certain leases, alleged to have been negotiated by Mitchell to his own use, and naming Friedlander as lessee, alleging that Friedlander had no interest in said leases, merely holding the legal title as trustee for Mitchell. Mitchell in his bill submitted himself to the jurisdiction of the court, to quote from the bill, "and shows unto the Court that he stands ready and willing to fully indemnify and save harmless the said respondent, David Friedlander, by bond, or in such form and manner as to this Honorable Court may seem just and proper, from or against any liability, obligation or loss on account of his having taken the aforesaid leases in his name, and on account of his having executed the same, and your orator offers and holds himself ready, in all respects, to do equity in the premises by giving bond, or other obligation satisfactory to the owners of said respective lots or parcels of land, for the payment of all rents that may fall due under said leases, or in such form as to this Court may seem just and proper, * * *."

Pending said case No. 11,754, Friedlander answered the bill filed by Mitchell in 11,940, alleging, inter alia, "This Respondent admits the execution of the leases therein referred to but denies that any of said leases were made upon the sole credit of the Complainant but alleges the fact to be that the

Complainant and Sam Ripps and this Respondent were liable for said rent and for the performance of all other terms and conditions of said leases, this Respondent having a twelve and one-half percent (12½) interest in the business out of which the capital was furnished to pay said rent on said lease and out of which business the funds furnished to construct the buildings on each of said pieces of property were supplied," and further that said funds were furnished "by the Gulf Coast Tobacco Company composed of Complainant Joseph Mitchell, Samuel J. Ripps and this Respondent." This answer was filed April 11, 1938; an amendment thereto filed September 29, 1938.

After the final decree in 11,754 was entered denying Friedlander's claim that he was a copartner in the Gulf Coast Tobacco Company, Friedlander amended his answer and cross bill alleging, inter alia, that, "This respondent says that at the time each of said leases was taken in this respondent's name, as lessee, the complainant [said Joseph Mitchell], in order to induce this respondent to execute said leases [to him] as lessee, agreed to indemnify and save this respondent harmless from any liability, obligations or loss on account of his taking said leases in his name or on account of his having executed the same and complainant agreed to pay all sums which might fall due under said leases," but alleges that the complainant has breached said agreement with this respondent and that said Mitchell had failed to pay the rents due the General Investment Corporation under one of said leases and his atorney's fees incurred by appellee Friedlander in defendant law suits incident to said leases.

Case No. 15,348 originated in an action of assumpsit by the General Investment Corporation against Friedlander for rent due under one of said leases and for attorney's fees provided for in said lease. On motion of Friedlander this suit was removed to the equity docket and, by order of the court, consolidated with case No. 11,940, and thereupon Friedlander filed the original bill in the last named case making Mitchell a party thereto, alleging: "That the respondent Joseph Mitchell negotiated the terms of said lease and requested the Complainant to be named as the Lessee therein, but with the distinct understanding and agreement that the Respondent Joseph Mitchell would be and remain liable for the rent provided for in and by the terms of said lease and for the carrying out of the terms and conditions thereof, and with the distinct understanding and agreement that the Respondent Joseph Mitchell would indemnify and save this Respondent [complainant] harmless from any liability, obligation or loss on account of his taking said lease in his name."

Mitchell answered, setting up the allegations in Friedlander's original answer and in the answer to the bill in 11,754, as estopping him from amending his answer in 11,940, in effect, admitting the allegations of Mitchell's original bill in that case.

 This estoppel constitutes the first and major contention of appellant on this appeal. The sole effect of the estoppel arising from the proceedings in 11,754 was to estop Friedlander from claiming that he was a partner in the Gulf Coast Tobacco Company, and had an interest in the City Stores. The decree in that case was res adjudicata of this issue. Sealy v. Lake, 243 Ala. 396, 10 So.2d 364. The phase of estoppel insisted upon here is that, where a party in a pending suit for the purpose of maintaining his cause or defense, has deliberately presented in his pleading a transaction in one aspect and obtained an advantageous ruling thereon, he will not in that case be permitted to contradict his own representation. Sealy v. Lake, supra.

It is a sufficient answer, we think, to appellant's contention here, that it conclusively appears that Friedlander did not maintain his alleged defense or obtain any advantageous rulings in the particular case. The substance and legal effect of the last amendment to that answer and cross bill was to admit the averments of Mitchell's original bill, which though previously dismissed without prejudice, was revived by consolidation, without objection, in this case.

In Woodham v. Hillman, 235 Ala. 224, 226, 178 So. 31, cited and relied on by appellant, the defendant by his allegation that the first mortgage had not been paid induced the complainant, who was seeking to foreclose a second mortgage, to purchase the first mortgage, and amended her pleading so as to seek a foreclosure of both. The holding in the opinion on rehearing in that case was: "This was, in effect, a successful maintenance of the position first asserted by Woodham and he was thereby estopped from setting up the defense to amended cross-bill, that the first mortgage had been satisfied—a position contradictory to the

one taken in his previous answer." 235 Ala. at page 226, 178 So. at page 32.

▉▉ While Mitchell and Ripps strenuously denied that Friedlander was a partner in the business of the Gulf Coast Tobacco Company with Mitchell and Ripps, Ripps as a witness gave testimony going to show that there was an agreement or understanding that Friedlander was to participate in the profits of the business to the extent of 12½ per cent, as compensation for his services, but that there were no profits. The record clearly shows that Friedlander was unsuccessful in maintaining his claim that he was interested in said business, and received no benefit from his alleged "false allegations." Moreover, it clearly appears that, neither Mitchell nor Ripps were deceived or misled by these allegations, which they knew to be false. Estoppel in equity must rest upon substantial grounds of prejudice or change of position, not on technicalities. Dowling v. Sollie & Sollie et al., 234 Ala. 630, 176 So. 340; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688.

▉ The averments of the original bill filed by Mitchell in case No. 11,940, and Friedlander's answer and cross bill filed therein, and the original bill filed in 15,348, are consistent, and under the evidence in this case, the decree can well be sustained. Mitchell's offer to do equity in his said original bill was sufficient to support the decree.

▉ The testimony is without dispute that there was an agreement between the General Investment Corporation and Mr. Eichold in respect to the foreclosures of the "mortgage and the retention of possession by the Investment Corporation;" and the evidence is without dispute that Mitchell was not evicted or required to attorn, or other steps taken to intercept the payment of the rent to the General Investment Corporation by Friedlander. Mitchell occupied the premises and received the full benefits thereof until the lease terminated, when he procured his bill to be dismissed, without prejudice. Moreover, the foreclosure was not pleaded as a defense and was merely referred to incidentally by Miss Drummond, the secretary of the General Investment Corporation, in her deposition. In these circumstances neither Mitchell nor Friedlander was in position to question the right of General Investment Corporation to recover the rents. Bruce Coal Co. v. Bibby, 201 Ala. 121, 77 So. 545.

The undisputed evidence also shows that the litigation growing out of said leases was instituted by Mitchell or caused through his default and his stubbornness and refusal to accept the settlement agreed on by Friedlander and his attorneys and Mitchell's attorney. Moreover, the evidence clearly points to the conclusion that Friedlander was not a gratuitous trustee and agent for Mitchell; that he, Friedlander, put considerable effort into the establishment of the business operated by said City stores, supervised the erection of the buildings and rendered other services in respect thereto; going to show that, so far as the relation between Mitchell, Ripps and Friedlander is concerned, though not a partnership, it was at least a joint adventure. Nevertheless Ripps and Mitchell reaped the entire benefits from the enterprise. Elledge v. Hotchkiss, 222 Ala. 129, 130 So. 893; Murphy v. Craft, 226 Ala. 407, 147 So. 176.

▉ The bill filed by the complainant Friedlander in 15,348 is in the nature of a bill to compel specific performance by Mitchell of the agreement to indemnify and hold Friedlander harmless because of the leases being taken in his name, and the allegations of that bill are consistent with the allegations of Mitchell's bill in case 11,940, in which Mitchell offered to do equity and to indemnify and hold Friedlander harmless on account of said leases being taken in his name. The solicitor's fees incurred in the prosecution of Friedlander's bill and his cross bill as amended in 11,940 were necessitated by Mitchell's resistance of the relief which said cross bill and bill sought on false issues, as we have demonstrated, and have been strenuously litigated up through this appeal. In the light of these facts and circumstances and the nature of the proceedings, as they appear on record, we are not of opinion that the circuit court erred in fixing the amount of the solicitor's fees and in compelling Mitchell to pay the same.

We find no error in the record and the decree of the circuit court is due to be affirmed. It is so ordered.

Affirmed.

THOMAS, FOSTER, LIVINGSTON, STAKELY, and SIMPSON, JJ., concur.