DONALDSON, Judge.
This petition for the writ of mandamus arises from an action filed by Franklin Delano Lee, the employee, against LKQ Birmingham, Inc. (“LKQ”), the employer, pursuant to the Alabama Workers’ Compensation Act, Ala.Code 1975, § 25-5-1 et seq. (“the Act”). No trial on any issue has been held, and no final judgment has been entered in the case. At Lee’s request, the Blount Circuit Court (“the trial court”) entered an order striking LKQ’s answer to Lee’s complaint insofar as it denied that Lee’s claims were compensable under the Act and requiring LKQ to pay for surgery on Lee’s back. In that same order, the trial court also denied LKQ’s motion to have Lee physically examined by a physician who is not his treating physician. LKQ seeks a writ of mandamus directing the trial court to vacate its order striking a' portion of its answer and requiring LKQ to pay for Lee’s surgery and to enter an order requiring Lee to submit to the physical examination. We grant the petition insofar as it relates to the order striking a portion of LKQ’s answer and requiring LKQ to pay for the surgical treatment. We deny the petition insofar as it relates to LKQ’s request for an examination by a *770 physician other than Lee’s treating physician.

Background,

On July 22, 2013, Lee filed a complaint in the trial court against LKQ, seeking compensation and medical benefits under .the Act and alleging, in part:
“1. [LKQ is] engaged in the business of recycling automobiles, and do[es] business in Blount County, Alabama. [Lee] is a resident of the State of Alabama and is over the age of nineteen (19) years.
2. On or about June 10, 2013, the relationship of employer and employee or master and servant existed between [Lee] and [LKQ], and both [Lee] and [LKQ] were subject to the worker’s compensation laws of Alabama.
3. [Lee], while employed by [LKQ], suffered an injury which was the proximate result of an accident occurring on the job and during the course of the employment by [LKQ] on about June 10, 2013. The accident happened while he was working on a truck.
4. As a result of that job-related accident, [Lee] received an injury to his leg and back and other various parts of his body ... causing total disability for a period of time and necessitating medical treatment in an effort to cure the injuries .... Further medical treatment is necessary, and [Lee] is permanently disabled as a result of the injuries sustained in the accident....
5. [LKQ] has failed or refused to pay to [Lee] any sums of money as temporary worker’s compensation benefits.
6. [LKQ had] actual knowledge and sufficient notice of [Lee’s] accident described above, and of the resulting injury, and that the same occurred in the line and scope of [Lee’s] employment.
7.A controversy has arisen between [Lee] and [LKQ], and [LKQ has] failed and/or refused to provide compensation, and/or medical benefits to [Lee] to which [Lee] is entitled.”
LKQ filed an answer to the complaint, asserting 20 separately numbered defenses.[1] Those defenses include the alleged failure of Lee’s complaint to state a claim upon which relief can be granted; a denial that Lee suffered an accident or was injured in the line and scope of his employment; Lee’s alleged failure to give timely notice of the accident and his failure to give timely notice of his medical claims; a claim of a credit based on an unidentified third-party recovery; that Lee had a preexisting injury; that non-work-related factors contributed to or caused Lee’s injury; improper venue; several affirmative defenses, including that Lee’s claim is barred by the applicable statute of limitations; that Lee made misrepresentations of his physical and mental condition on his application for employment; that Lee made misrepresentations regarding his injuries; collateral estoppel; judicial estop-pel; and the doctrine of accord and satisfaction. LKQ’s second listed defense is: “The defendant avers that it is not guilty of the matters and things alleged in Plaintiffs Complaint and demands strict proof thereof.” LKQ did not admit any portion of any averment of the complaint.
Despite the averments in its answer, LKQ paid temporary-total-disability compensation to Lee and authorized Dr. Spain Hodges to provide medical services to Lee. Dr. Hodges provided medical services to Lee during the pendency of the proeeed- *771 ings, including providing treatments for Lee’s alleged back injury.
On February 26, 2014, LKQ filed a motion that it referred to as a “Petition for Independent Medical Examination.” LKQ alleged that it had a statutory right to obtain an order from the trial court forcing Lee to submit to an independent medical exam (“IME”) to be conducted by a physician other than Dr. Hodges. In support of its motion, LKQ cited Ala.Code 1975, § 25-5-77(b), which provides, in part: “If requested to do so by the employer, the injured employee shall submit to examination by the employer’s physician at all reasonable times....” In the motion, LKQ alleged, in part:
“1. [Lee] experienced an alleged work related injury on or about June 10, 2013. One of the alleged injuries is to [Lee’s] back. [Lee’s] current authorized treating physician for the alleged [injuries] is Dr. Spain Hodges.
3. Dr. Hodges opined on November 14, 2013 via note that [Lee] has stenosis and multilevel degenerative disc disease. In doing so, he indicated substantial doubt that surgical intervention would benefit [Lee]....
4. However, on January 15, 2014, Dr. Hodges opined that he wanted to perform a microscopic partial hemilaminec-tomy, a surgical .procedure, on [Lee’s] back....”
The motion did not give any indication to the trial court or to Lee that LKQ deemed any portion of Lee’s complaint to be undisputed, i.e., LKQ’s pleadings continued to deny all aspects of Lee’s claim for compensation and benefits under the Act.
The next day, February 27, 2014, Lee responded with a “Motion for Emergency Relief and Objection to Petition for IME.” In the first paragraph, Lee indicated that he was seeking “sanctions” against LKQ. Lee proceeded to discuss the effect of LKQ’s answer completely denying all aspects of his claim, asserting that LKQ could not deny compensability yet pay compensation, authorize Dr. Hodges to treat Lee, and seek an IME all at the same time. As relief, Lee asked the trial court to “(a) strike the Answer of [LKQ]; (b) find compensability established; (c) deny the Petition for an IME; (d) order the treatment prescribed by the authorized doctor to proceed at the expense of [LKQ]; [and] (e) grant such other and further relief as is necessary and appropriate.” On March 3, Lee filed a brief in support of his motion, concluding that, “because [LKQ] had accepted the claim as compensable in every way except of record — and now had acceded to compensability by attempting to invoke § 25-5-77 for its own purpose, its Answer should be stricken as sham to the extent it denies compensability.” On March 5, LKQ responded with a brief denying that Lee was entitled to the relief he was requesting.
Dr. Hodges’s deposition was taken on March 5, 2014. On the next day, March 6, the trial court held a hearing on LKQ’s and Lee’s motions. Although there is no transcript of the hearing before the trial court, the parties agree that Dr. Hodges’s deposition testimony was referred to by both parties, although the deposition had not been transcribed.[2]
*772 On March 13, 2014, Lee filed a second brief, again asserting that positions taken by LKQ in the litigation, including the request for the IME, authorized the trial court to order the surgery to be paid for by LKQ without a trial. In that brief, Lee stated:
“We maintain that the defendant’s gamesmanship with its pleading — denying the claim of record while accepting it fully in real life — warrants the answer being stricken, so that this Court can order the surgery prescribed by the authorized doctor performed without the needless delay of having a ... hearing months down the road.... ”
On April 1, 2014, the trial court issued a six-page order. The trial court found that, based on this court’s holding in Ex parte Publix Super Markets, Inc., 968 So.2d 654 (Ala.Civ.App.2007), LKQ could not be ordered to pay for the surgery recommended by Dr. Hodges because, it determined, “compensability, despite being observed in the nature that is Mr. Lee’s claim, has not been admitted in the literature that is [LKQ’s] pleading.” Nevertheless, the trial court then determined that, because LKQ had been paying temporary-total-disability benefits to Lee, had authorized Dr. Hodges to provide medical treatment for Lee’s back complaints, and had requested an IME, LKQ had “accepted ... Lee’s claim as fully compensable — except of record.” The trial court concluded by holding:
“In the opinion of this Court, the principle of estoppel warrants the relief sought by [Lee], as do Alabama Rules of Civil Procedure 11 and 12, and as does the inherent power of this "Court. As such, [Lee’s] motion to strike [LKQ’s] Answer is hereby granted — only to the extent that compensability has been denied, and subject to the defendant’s right to move for leave to amend if facts justifying denial of compensability become known. Further, [LKQ] is ordered to authorize with all deliberate speed Dr. Hodges to proceed with the requested surgery at the expense of [LKQ].”
The trial court also denied LKQ’s motion for an IME, in part “[b]ecause IME’s are not required by statute at the employer’s demand, generally or in this case.”
LKQ filed its petition for the writ of mandamus with this court on April 28, 2014. LKQ seeks a writ directing the trial court “to reverse [its] Order of April 1, 2014, (1) striking [LKQ’s] Answer to the extent that compensability was denied, (2) denying [LKQ’s] Motion for an Independent Medical Examination and (3) compelling [LKQ] to immediately authorize surgery for Plaintiff.” On May 1, 2014, Lee filed an answer and a supporting brief, on his behalf and also on behalf of the trial judge. Oral arguments were conducted before this court.

Standard of Review

“The proper means of seeking appellate review of an interlocutory order in this court is to petition for a writ of mandamus.” Norman v. Norman, 984 So.2d 427, 429 (Ala.Civ.App.2007).
“This court has exercised its jurisdiction to issue writs of mandamus in workers’ compensation actions mainly in cases in which the trial court has entered an order wholly without statutory authority or in direct contravention of the language of the Act. See, e.g., Ex parte Brookwood Med. Ctr., Inc., 895 So.2d 1000 (Ala.Civ.App.2004). We rec *773 ognize that an action brought under the workers’ compensation laws is purely statutory in nature. Fort James Operating Co. v. Irby, 911 So.2d 727, 734 (Ala.Civ.App.2005) (citing Slagle v. Reynolds Metals Co., 344 So.2d 1216, 1217 (Ala.1977)). The Act is a specific and comprehensive system of law for dealing with workplace injuries and ‘ “creates rights ... remedies ... and procedures all [its] own.” ’ Davis v. Fayette County Comm’n, 831 So.2d 50, 53 (Ala.Civ.App.2002) (quoting Riley v. Perkins, 282 Ala. 629, 632, 213 So.2d 796, 798 (1968)). Generally speaking, therefore, the rights and remedies available to the affected parties must be found within the provisions of the Act. See Hedgemon v. United Parcel Serv., Inc., 832 So.2d 656 (Ala.Civ.App.2002). Thus, in a workers’ compensation action, when a trial court exercises power not explicitly granted by the Act or necessarily implied by its terms, this court will issue a writ of mandamus to correct that error. See Ex parte Brodkwood Med. Ctr., Inc., supra; Ex parte Alabama Power Co., [863 So.2d 1099 (Ala. Civ.App.2003) ]; Ex parte Wal-Mart Stores, Inc., 794 So.2d 1085 (Ala.2001); and Ex parte Smitherman Bros. Trucking, Inc., 751 So.2d 1232 (Ala.1999).”
Ex parte Publix Super Markets, Inc., 963 So.2d at 657-58.
“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).

Discussion

The Alabama Legislature has provided that a dispute between an employee and an employer under the Act shall be resolved in the judicial system by initiating an action in the circuit court. Ala.Code 1975, § 25-5-81. A fundamental, guiding principle of our judicial system is that a party’s responsibility must be established before a remedy is imposed against that party and in favor of another party. In the traditional tort or contract case, this means that a determination of liability must precede an assessment of damages. In the workers’ compensation context, the determination of the responsibility of the employer for the injury under the Act — sometimes referred to as a determination as to compensability — must precede an order requiring the employer to pay compensation or benefits. See Ex parte Publix Super Markets, Inc., 963 So.2d at 658. Defining the.term “com-pensability” in the workers’ compensation context requires a reference point; that is, the term must be applied to what is at issue. Although the determination of com-pensability might involve many issues in some cases (e.g., the existence of a covered employment relationship, adequacy of notice, the resolution of affirmative defenses), it is often limited to questions concerning whether the alleged injury was “caused by an accident arising out of and in the course of [the employee’s] employment,” thereby entitling the employee to compensation, and/or whether any medical benefits sought are the “result of an accident arising out of and in the course of employment.” Ala.Code 1975, § 25-5-51 and § 25-5-77(a). With respect to medical benefits, a compensability determination might require, in some cases, a determination as to “whether the treatment is necessitated by conditions unrelated to the employee’s employment.” Ex parte Publix Super Markets, Inc., 963 So.2d at 658. *774 Thus, if the employer properly disputes the issue whether certain medical treatment is necessary as a “result of an accident arising out of and in the course of employment,” i.e., whether the cost of medical treatment is compensable, the trial court cannot order an employer to pay for the treatment unless or until that issue is resolved. The resolution of that issue must occur in accordance with the Rules of Civil Procedure if the procedure for resolving the issue is not otherwise governed by a provision of the Act. Id. at 659.
In determining whether compensability was at issue at the time Lee sought and obtained the order requiring LKQ to pay for the surgery, we look to the pleadings. LKQ had filed an answer with 20 defenses and had admitted nothing asserted in Lee’s complaint. Both parties characterize LKQ’s answer as including a “general denial.” As noted in 5D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1265, at 546-47 (3d ed. 2004) (“Wright & Miller”): “No prescribed set of words need be employed in framing the general denial; any statement making it clear that the defendant intends to put in issue all of the averments in the opposing party’s pleading is sufficient.” Rule 8(b), Ala. R. Civ. P., provides:
“(b) Defenses; Form of Denials. A party shall state in short and plain terms the party’s defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state, and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, the party shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs, or may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits; but, when the pleader does so intend to controvert all its averments, the pleader may do so by general denial subject to the obligations set forth in Rule 11[ Ala. R. Civ. PJ”
(Emphasis added.) The Committee Comments on 1973 Adoption of Rule 8 admonish that although “[t]he general denial is not abolished under Rule 8(b), ... it should be used only where the pleader in good faith intends to controvert all the allegations of the preceding pleading.” An answer containing or consisting of a general denial is not favored because of its “essentially evasive and uninformative quality,” and it “will be available to a party acting in good faith only in the most exceptional cases.” 5 Wright & Miller § 1265, at 547, 549.
We agree that LKQ’s answer is properly construed as containing a “general denial” because LKQ admitted nothing averred in Lee’s complaint and further alleged, without limitation, that it was “not guilty of the matters and things alleged in [Lee’s] Complaint.” In fact, LKQ completely denied, without qualification, that Lee had suffered an accident or injury arising out of his employment on June 10, 2013.
At oral argument, LKQ stated that it does not contest all aspects of Lee’s claims. For example, LKQ does not contest that Lee suffered a significant leg injury at work. LKQ apparently intends to deny, perhaps among other things, that Lee’s back injury is compensable. As jus *775 tification for filing a general denial of all the averments of Lee’s complaint, without admitting the validity of any portion of Lee’s complaint, LKQ asserts in its petition for the writ of mandamus:
“Compensability is the employee’s burden. Ex parte Southern Energy Homes, Inc., 873 So.2d 1116, 1121 (Ala. 2003). It is not an affirmative defense to be raised. Raising it in an answer, is substantively a denial under Ala. R. Civ. P. Rule 8(b). Raising compensability in an Answer is a requirement by an employer that an employee meet his own burden of proof in making an averment under Ala. R. Civ. P. Rule 8(a). Unlike an affirmative defense under Ala. R. Civ. P. Rule 8(c), there is no burden on the employer. Failing to deny compensability would open [LKQ] up to the provisions of Ala. R. Civ. P. Rule 8(d), and potentially waive the right to appeal compensability as early as forty-two (42) after its original Answer.”
LKQ’s argument misses the point of Rule 8 completely. Denying all averments in an opposing party’s pleading because the opposing party has the burden of proof on the theory of liability advanced does not “fairly meet the substance of the averments denied.” Rule 8(b). In criminal cases, a defendant may rest upon a simple “not-guilty” plea, requiring the government to prove all the elements of a crime. Rule 14.2, Ala. R.Crim. P. In contrast, a defendant in a case governed by the Alabama Rules of Civil Procedure is required to “admit or deny the averments upon which the adverse party relies,” Rule 8(b), which may include admitting specific averments in part and denying specific averments in part, all in a good-faith effort designed to identify those issues that are in dispute and must be resolved through the judicial system. The rules related to pleadings in the Alabama Rules of Civil Procedure are designed to narrow the issues that must be resolved through litigation, because the purpose of civil litigation is to resolve disputed issues between litigants. The burden of proof remains on the party asserting the claim, but only as to those averments that remain in dispute after a substantive and meaningful answer has been filed. If the answering party discovers in the course of the litigation that a denied averment is no longer in dispute, it must amend the answer accordingly pursuant to Rule 15, Ala. R. Civ. P. Therefore, the averments in Lee’s complaint should have been specifically admitted or denied. To the extent LKQ’s unamended answer failed to do so, it was an insufficient pleading under Rule 8(b).[3]
Based on the pleadings before the trial court, compensability remained an issue in dispute at the time the order at issue was entered. Disputes involving genuine issues of material fact regarding the question of compensability are fairly resolved through trial, or what is referred to by the trial court in its order as a “Publix hearing.” At least 60 days advance notice is required before the first setting of a trial, a requirement imposed not by fiat of this court, but by Rule 40(a), Ala. R. Civ. P. We acknowledge the concern of the trial court that trials might have to be scheduled substantially longer than 60 days from the notice of the trial setting due in part to a lack of resources and the large volume of pending cases of all types in most circuits. We acknowledge that although workers’ compensation cases are to be “set down and tried as expeditiously as possible,” Ala.Code 1975, *776 § 25-5-88, various other provisions of law may also require competing prioritizations to be given to the scheduling of cases. See, e.g., Rule 8.1, Ala. R.Crim. P. (“Insofar as practicable, trials of criminal cases shall have priority over trials of civil cases.”).
If an employee in a workers’ compensation case believes that there is no dispute involving genuine issues of material fact concerning an issue such as the compensability of an injury, the employee may move for a partial summary judgment under Rule 56, Ala. R. Civ. P., as noted in Ex parte Publix, 968 So.2d at 659. Such a motion may be set for a hearing on 10 days’ advance notice. Rule 56(c)(2). If the employee properly supports the motion with sufficient evidence establishing there is no dispute involving genuine issues of material fact, “ “then the burden shifts to the non-moving party [i.e., the employer], who must show by substantial evidence that a genuine issue of material fact does exist in order to withstand the motion for summary judgment.” ’ ” Cascaden v. Winn-Dixie Montgomery, LLC, 81 So.3d 1273, 1276 (Ala.Civ.App.2011) (quoting Page v. Cox & Cox, Inc., 892 So.2d 413, 417 (Ala.Civ.App.2004), quoting in turn Rich v. Warren Mfg., Inc., 634 So.2d 1015, 1017 (Ala.Civ.App.1994), citing in turn Burks v. Pickwick Hotel, 607 So.2d 187 (Ala.1992), and Clay v. River Landing Corp., 601 So.2d 919 (Ala.1992)). If the employer does not meet its burden, a partial summary judgment as to compensability should be entered in the employee’s favor. Rule 56(c)(2). If the employer meets its burden, the issue must be tried. If the employer, pursuant to Rule 56(f), seeks to continue the hearing on the motion by asserting that additional discovery is needed, the employer is required to “specify and explain the necessity of the outstanding discovery.” McGhee v. Martin, 892 So.2d 398, 412 (Ala.Civ.App.2004). The decision whether to continue the hearing on that basis is discretionary with the trial court. Griffin v. American Bank, 628 So.2d 540 (Ala.1993).
Lee did not move for a partial summary judgment on the issue of compensability but, instead, moved to strike LKQ’s answer insofar as it denied compensability. With that background, we will address the issues raised in the petition before us.

I. Striking Portions of the Answer

The trial court’s order struck LKQ’s answer as it related to the issue of com-pensability because, it stated, “[i]n the opinion of this Court, the principle of es-toppel warrants the relief sought by [Lee], as do Alabama Rules of Civil Procedure 11 and 12, and as does the inherent power of this Court.”
As noted previously, the resolution of the issues raised in this action is governed by the Rules of Civil Procedure if the procedure for resolving the issues is not otherwise provided in the Act. Rule 1, Ala. R. Civ. P., provides that the Rules of Civil Procedure “govern procedure in the circuit courts” and “effect an integrated procedural system vital to the efficient functioning of the courts.” Rule 1(a) and (b). We agree that in certain circumstances, the trial court has the inherent authority to control the course of litigation and that it may hold that a party is es-topped from taking a certain position in litigation; however, we have not been directed to any authority independent of the Rules or the Act providing that the trial court could invoke either of those powers to strike a pleading or a portion of a pleading.
Rules 11 and 12 of the Alabama Rules of Civil Procedure, cited by the trial court, do *777 provide authority to take such action in certain circumstances:[4]
“Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney’s individual name.... The signature of an attorney constitutes a certificate by the attorney that the attorney has read the pleading, motion, or other paper; that to the best of the attorney’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.... If a pleading, motion, or other paper ... is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading, motion, or other paper had not been served.”
Rule 11(a).
“Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within thirty (30) days after the service of the pleading upon the party or upon the court’s own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.”
Rule 12(f).
There might be procedural and substantive issues implicated by the trial court’s reliance on Rules 11 and 12 in this context. Neither Rule 11 nor Rule 12 was mentioned in the February 26, February 27, March 3, March 5, or March 13, 2014, submissions of the parties to the trial court preceding the issuance of the order. Although we do not have a transcript of the hearing before the trial court, the first mention of either rule as a basis for striking a portion of LKQ’s answer is in the trial court’s order. The Alabama version of Rule 11 does not contain specific procedural guidelines; nevertheless, a requirement of advance notice that the rule is being invoked as basis for striking a pleading might be implicit in the rule. We note that Federal Rule of Civil Procedure 11(c)(1) requires that notice be provided to the opposing party that the provisions of that rule are being relied upon in striking a party’s pleading. It is also unclear whether evidentiary submissions were made, or were requested, at the hearing. Further, there are no findings in the trial court’s order reflecting that LKQ’s answer was “not signed or [was] signed with intent to defeat the purpose of [Rule 11]” or reflecting that the answer was a “sham” or was “false” or was “insufficient,” “redundant,” “immaterial,” “impertinent,” or “scandalous.” Rule 11(a) and Rule 12(f). Rather, the trial court ruled that “[permitting [LKQ] to invoke what it states is its right under the Act, when it has denied compensability of record, should not — and here, is not to — be allowed.”
However, any procedural deficiencies leading to the issuance of the order striking a portion of LKQ’s answer and any objections to the sufficiency of the order are not before us because LKQ does not address either Rule 11 or Rule 12 in the materials submitted to this court in support of the petition for the writ of mandamus. Thus, such issues have been waived. See, e.g., Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) (“When an appellant fails to argue an issue in its brief, that issue is waived.”). Therefore, we will treat the *778 trial court’s order as having been entered pursuant to its authority, under Rules 11(a) and 12(f), to strike a portion of LKQ’s answer insofar as it is a “sham” or is “false” or is “insufficient,” “redundant,” “immaterial,” “impertinent,” or “scandalous.”
The only rationale offered to support the trial court’s order is that LKQ was allegedly “estopped” from denying compensability. Lee based his estoppel argument on the facts that LKQ had made payments to Lee as temporary-total-disability compensation and had authorized Dr. Hodges to treat Lee’s injuries. Alabama Code 1975, § 25-5-56, provides, in part: “All moneys voluntarily paid by the employer or insurance carrier to an injured employee in advance of agreement or award shall be treated as advance payments on account of the compensation. In order to encourage advance payments, it is expressly provided that the payments shall not be construed as an admission of liability but shall be without prejudice.” Rule 409, Ala. R. Evid., provides that “Evidence of furnishing or offering or promising to pay medical, hospital, or similar expenses occasioned by an injury is not admissible to prove liability for the injury.” Therefore, the payments made by LKQ before or during the pendency of the litigation cannot serve as a basis to estop LKQ from contesting compensability. In Ex parte Sunbelt Transport, Inc., 23 So.3d 1138, 1142-43 (Ala.Civ.App.2009), the employer had made compensation payments to the employee during the pendency of the litigation and had authorized certain medical treatment. In holding that those actions did not obviate the requirement of a determination of compensability before ordering the employer to provide medical treatment under the Act, this court cited § 25-5-56 and stated:
“In this case, as in Ex parte Publix[ Super Markets, Inc., 963 So.2d 654 (Ala. Civ.App.2007) ], there has been no adjudication determining that [the employee’s] injury was caused by an accident arising out of and in the course of his employment. Although [the employer] paid [the employee] temporary-total-disability benefits ..., [the employer] has not admitted or conceded that [the employee's injury is compensable under the Act.”
23 So.3d at 1142. As in Ex parte Sunbelt TranspoH, there has been no adjudication in this case determining that Lee’s injury was compensable under the Act, and there is no indication that LKQ’s payments of benefits under the Act were an admission of liability rather than voluntary payments. Therefore, LKQ could not be estopped from contesting compensability on these grounds.
As an additional ground for striking a portion of LKQ’s answer, Lee argued that LKQ’s filing a motion for an IME foreclosed — i.e., estopped — a contest of compensability.- The trial court stated that, “by seeking a remedy in the form of an IME that [LKQ] asserted is available to it under the Act, [LKQ] has implicitly— and explicitly — conceded that applicability of the Act to Mr. Lee’s claim — and has done so on the record.”[5] The general rule is that “[w]here a party in a pending suit for the purpose of maintaining his cause or defense, has deliberately presented in his pleading a transaction in one aspect and obtained an advantageous ruling thereon, he will not in that case be permitted to contradict his own representation.” Man- *779 er v. Maner, 279 Ala. 652, 657, 189 So.2d 336, 341 (1966) (citing Mitchell v. Friedlander, 246 Ala. 115, 19 So.2d 394 (1944), and Sealy v. Lake, 243 Ala. 396, 10 So.2d 364 (1942)). Nothing in the motion filed by LKQ seeking the IME indicates that LKQ was conceding any issue or waiving any defense, nor is such a waiver required under § 25-5-77, Ala Code 1975. We have not been directed to any authority supporting the proposition that the filing of a motion for a physical examination amounts to an admission of liability, and, therefore, we hold that the filing of a motion for an IME did not provide a basis to strike a portion of LKQ’s answer.
Because LKQ was not estopped from contesting compensability on the basis of the temporary-total-disability payments it made to Lee, its authorization of medical treatment, or its filing of the motion for an IME, its answer cannot be said to fall within the parameters of Rule 11(a) (“sham” or “false”) or 12(f) (“insufficient,” “redundant,” “immaterial,” “impertinent”, or “scandalous”) so as to warrant being struck insofar as it denies compensability.[6] Because LKQ has demonstrated a clear legal right to relief on this issue, we grant the petition for the writ of mandamus in part and direct the trial court to vacate that portion of its April 1, 2014, order striking Lee’s answer insofar as it denies compensability.

II. Requiring LKQ to Pay for Surgery

In its petition, LKQ also seeks a writ directing the trial court to reverse its order “compelling [LKQ] to immediately authorize surgery for [Lee].” Because we grant LKQ’s request for the writ directing the trial court to vacate its order striking LKQ’s answer denying compensability in its entirety, the order requiring LKQ to pay for the surgery before there has been a determination as to compensability is also due to be vacated. Ex parte Publix, 963 So.2d at 661 (“Because neither the language of the Act nor the Alabama Rules of Civil Procedure authorize the procedure used by the trial court to decide the employer’s obligation to provide medical benefits to the employee, we grant the petition for a writ of mandamus.”).

III. Denying an IME

LKQ also petitions for a writ directing the trial court to order Lee to submit to an IME. LKQ bases its argument on the provisions of § 25-5-77(b), Ala.Code 1975: “If requested to do so by the employer, the injured employee shall submit to examination by the employer’s physician at all reasonable times.... ” There is no dispute that LKQ authorized Dr. Hodges to provide medical care to Lee and to treat Lee’s injuries, including his complaints of back pain. Lee has already been examined and treated by Dr. Hodges, and he has agreed to Dr. Hodges’s recommendation of surgery. In a similar context, this court has held:
“In the instant case, [the employee] went to an authorized physician, accepted and agreed to his recommended course of treatment; however, the employer refused to approve the necessary surgery. We hold that, as a general rule, the employer may not dictate to the employee that he may not have the medical treatment recommended by his authorized, treating physician.”
City of Auburn v. Brown, 638 So.2d 1339, 1341 (Ala.Civ.App.1993). LKQ’s arguments to the contrary notwithstanding, a similar situation is presented in this case. There is no dispute that Dr. Hodges is the *780 authorized treating physician selected by LKQ. LKQ may authorize Dr. Hodges as a treating physician without waiving any and all defenses regarding compensability, but it cannot authorize Dr. Hodges and then require Lee to submit to an IME to challenge Dr. Hodges’s recommended treatment. We note that LKQ did not seek to invoke a utilization-review process to determine the medical necessity of the surgery. See, e.g., Ex parte Southeast Alabama Med. Ctr., 835 So.2d 1042,1050 (Ala. Civ.App.2002) (holding that, “[w]hen the ground for ... a refusal [to pay. for medical treatment] is an employer’s decision that a treatment recommended by an authorized physician is not reasonably necessary, the employer may properly assert that decision only if the employer has first followed, and has made that decision based upon, certain [utilization-review] procedures”). We also note that LKQ based its request for an IME solely on an alleged change in a treatment recommendation. That does not provide a basis to invoke the mandatory requirement of an examination under § 25-5-77(b). Therefore, Lee was not required to submit to an IME under the circumstances presented in this case.
We note that another portion of § 25-5-77(b), Ala.Code 1975, provides, in pertinent part, that,
“[i]f a dispute arises as to the injury, or as to the extent of the disability therefrom, the court may, at the instance of either party or of its own motion, appoint a neutral physician of good standing and ability to make an examination of the injured employee and to report his or her findings to the court, the expense of which examination shall be borne equally by the parties.”
Similar to the provisions of Rule 35, Ala. R. Civ. P., § 25-5-77(b) leaves the determination of whether an employee should be examined by an independent physician to the sound discretion of the trial court based on the circumstances presented. Ex parte Wal-Mart Stores, Inc., 729 So.2d 294 (Ala.1999); see also Musgrove Constr., Inc. v. Malley, 912 So.2d 227 (Ala.Civ.App.2003). Discretionary rulings should be affirmed if supported by “any credible evidence.” Ex parte D.W.W., 717 So.2d 793, 795 (Ala.l998)(emphasis omitted). To set aside a discretionary ruling, the petitioner must show that the trial court “ ‘ “committed a clear or palpable error, without the correction of which manifest injustice will be done.” ’ ” D.B. v. J.E.H., 984 So.2d 459, 462 (Ala.Civ.App.2007) (quoting Clayton v. State, 244 Ala. 10, 12, 13 So.2d 420, 422 (1942), quoting in turn 16 C.J. 453) It has not been clearly demonstrated that Dr. Hodges changed his position. One reading of his testimony is that he was recommending surgery because more conservative treatment had not alleviated Lee’s pain. Because the trial court could have found that LKQ’s request was based only upon a disagreement with the recommendation or a desire to “second-guess” the recommendation, no showing has been made here that the decision to deny the request for an IME would result in “manifest injustice.” If LKQ’s objection was not to the reasonable necessity of the surgery but was instead directed to whether Lee’s back injury was compensable at all, its pleadings and filings failed' to present that distinction to the trial court. LKQ fails to demonstrate a clear legal right to have Lee examined by another physician.

Conclusion

Litigants often suffer awaiting the outcome of litigation, perhaps none more than an injured worker who is ultimately found to be entitled to medical benefits and compensation under the Act. But the legislature has determined that workers’ compensation cases must be resolved through *781 the adversarial litigation process in the judicial system. Confidence in that system requires adherence to the applicable rules of procedure. LKQ has demonstrated a clear right to relief from the order striking that portion of LKQ’s answer denying the compensability of Lee’s injury and ordering it to pay for the surgery before a determination as to compensability has been made. Accordingly, we grant the petition in part and issue the writ directing the trial court to set aside those portions of the order. LKQ has failed to demonstrate a clear right to relief from the order insofar as it denies LKQ’s request for an IME, and we therefore deny the petition as to that portion of the order.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
THOMPSON, P.J., and MOORE, J., concur.
PITTMAN and THOMAS, JJ., concur in the result, "without writings.

. The answer actually listed 21 separately numbered defenses, but the 14th and 20th defenses are identical.

. LKQ attached the deposition transcript of Dr. Hodges's testimony to its petition in this court. Lee has moved this court to strike that submission because the transcript had not been submitted to the trial court. Lee has not pointed to any differences between the deposition transcript and any representations made by the parties regarding Dr. Hodges's testimony at the March 6 hearing before the trial court. Both parties have referenced Dr. *772 Hodges's testimony in their submissions, and in oral argument, before this court; indeed, Lee’s position regarding surgery is entirely dependent upon that testimony. Therefore, Lee's motion to strike is denied.

. The propriety of several defenses raised by LKQ, including but not limited to certain affirmative defenses and the alleged failure of Lee’s complaint to state a claim upon which relief can be granted, are not at issue in this mandamus proceeding.

. We also note that the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala. Code 1975, provides that sanctions may be imposed against a party and/or an attorney who does not withdraw or dismiss a defense that lacks substantial justification, after notice. That act was not invoked in this case.

. Lee does not argue that LKQ made any judicial admissions that would conclusively establish compensability. See Ex parte Sunbelt Transport, 23 So.3d at 1143-46 (Moore, J., concurring specially).

. No argument is advanced that a portion of LKQ’s answer should have been struck as being noncompliant with Rule 8(b), Ala. R. Civ. P.